(No. 25952.

THE PEOPLE *ex rel.* Stanley K. Gage, Appellant, *vs.* THE VILLAGE OF WILMETTE, Appellee.

*Opinion filed Dec. 16, 1940—Rehearing denied February 12, 1941.*

HETH, LISTER & FLYNN, (THOMAS E. GRIFFIN, of counsel,) for appellant.

WILLIAM M. JAMES, Village Attorney, (HENRY J. BRANDT, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The appellant, Stanley K. Gage, filed a complaint in *quo warranto* in the circuit court of Cook county to oust the village of Wilmette from exercising municipal authority over certain territory adjacent to that municipality. The complaint challenged the validity of the statute under which the municipality purported to annex the territory. The trial court held the statute and the annexation ordinance made pursuant thereto valid, and entered judgment against appellant. The trial judge certified the validity of a municipal ordinance was involved and, in his opinion, the public interest required a direct appeal to this court.

The involved territory, triangular in shape with an area of twenty-two acres, is bounded on the south by the north boundary of Wilmette, on the west by the east boundary of Kenilworth and on the east and north by Lake Michigan, the shore line of which runs · from the northwest to the southeast. The area is improved by busi-

ness and residential structures. It is bisected by Sheridan road and is locally known as "No Man's Land." Appellant does not live within the territory but owns five unimproved lots therein.

The legislature by an act approved July 10, 1939, and entitled, "An act to provide for the annexation of unincorporated territory which is entirely surrounded by incorporated territory," provided in section 1: "Whenever, any contiguous unincorporated territory, containing thirty (30) acres or less is bounded on one side by any navigable body of water and otherwise is wholly bounded by two or more cities, villages or incorporated towns, and there were not more than 200 qualified voters residing therein on June 1, 1939, such territory may be annexed by any one of such cities, villages or incorporated towns by the passage of an ordinance to that effect," etc. Ill. Rev. Stat. 1939, chap. 24, par. 408 b.

The appellant has attacked the constitutionality of the act on several grounds but, for the purpose of this decision, we need consider only one,—*i.e.,* that the title of the act does not express the subject matter thereof, hence is violative of section 13 of article 4 of the State constitution, which provides: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." This constitutional provision was held in *Milne* v. *People,* 224 Ill. 125, to be composed of two subordinate clauses, (1) no act shall contain more than one subject, and (2) that subject must be expressed in the title. The objection of the appellant arises under the second division. The legislature, when entitling an act, possesses the discretion to make the title general or specific. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 290 Ill. 327.) Should the title be a general one, the legislature may incorporate as many provisions in the act as it deems necessary. Those provisions may be diverse, but they must not be inconsistent with or unrelated to the general title of the act. (*City of Litchfield* v. *Thorworth,*

337 Ill. 469.) However, should the legislature restrict the title to include only a particular branch or phase of an entire subject, then provisions in the act which are not within the scope of such branch or phase of the subject included, would be in opposition to the specific title. (*Rouse* v. *Thompson,* 228 Ill. 522; *People* v. *Chicago, Burlington and Quincy Railroad Co., supra.*) The act must be germane to the purpose expressed in the title thereto. *People* v. *Swanson,* 340 Ill. 188.

The title of the act deals with a specific subject and provides for the annexation of unincorporated territory which is entirely surrounded by incorporated territory. By the adoption of such title, the subject matter of legislation should have been restricted to the title and the legislature could not, under such title, legislate generally upon the subject of annexation; it could not even legislate generally upon the annexation of unincorporated territory unless that territory was entirely surrounded by incorporated territory. The title of the act which was to provide for the annexation of unincorporated territory entirely surrounded by incorporated territory covers a different subject matter than the provision of the act which provides for the annexation of contiguous unincorporated territory bounded on one side by a navigable body of water and on the other sides by two or more incorporated cities, villages or towns. The phraseology of the title and the act is plain and unequivocal. The title and the act can not be harmonized, and the purposes and intents included in each are unrelated in the specific sense required. One who reads the title would be deceived thereby as to the purpose and intent of the legislature as expressd in the act. The act violates section 13 of article 4 of the constitution and is, therefore, void, and the annexation ordinance adopted by the village, pursuant to the act, is also void.

The appellee has questioned the propriety of testing the constitutionality of the act by an action of *quo warranto.* He raises the question on the authority of *People* v. *Whit-*

*comb,* 55 Ill. 172. The question attempted to be improperly raised in the *Whitcomb case* was discussed in *People* v. *Snedeker,* 282 Ill. 425, where it was said the question was "whether the city officers could enforce ordinances and levy and collect taxes in the territory annexed by said act when it is claimed that such act was unconstitutional, \* \* \* and it was there held that the writ could not be employed to restrain an officer from exercising power not conferred upon him or in territory in which he was not authorized to act." The *Whitcomb case* is not controlling of the question presented. A new Quo Warranto act was adopted in 1937. (Laws of 1937, p. 992.) Section 1 of the act sets forth when a *quo warranto* proceeding may be brought, and paragraph (e) thereof permits it when "Any corporation does or omits to do any act which amounts to a surrender or forfeiture of its rights and privileges as a corporation, or exercises powers not conferred by law." This act is, in form, a new act, and reenacts all of the former Quo Warranto act. The general purpose of the new act is to make *quo warranto* actions conform in pleading, practice and procedure to the Civil Practice act. Laws of 1939, p. 333.

Under section 1 of the prior act, the word "corporation," as used in authorizing the filing of *quo warranto* proceedings where a corporation "exercises powers not conferred by law," included a municipal corporation, (*People* v. *City of Chicago,* 349 Ill. 304,) and the word corporation, as used in the present act should be given the same meaning. *Quo warranto* was the proper action under the circumstances of the instant case.

The judgment of the circuit court of Cook county is reversed and the cause remanded to that court, with directions to enter a judgment ousting the appellee village from all jurisdictional control over the involved territory.

*Reversed and remanded, with directions.*

Mr. JUSTICE WILSON, dissenting.