People of the State of Illinois on the Relation of Gladys E. Saam as Trustee Under Trust Agreement Dated February 6, 1957, and Known as Trust No. M. D. 101, et al., Plaintiffs-Appellants, v. Village of Green Oaks, Formerly Known as Village of Oak Grove, William D. Shaw, et al., Defendants-Appellants.

### Gen. No. 64–9.

Second District.

January 20, 1965.

Rehearing denied February 16, 1965.

Willis A. Overholser, of Libertyville, Thomas A. Matthews and Byron S. Matthews, of Chicago, for appellants.

Eva Schwartzman, of Libertyville, for appellees.

ABRAHAMSON, P. J.

The plaintiffs have appealed from an order entered in the Circuit Court of Lake County, dismissing their petition for leave to file a complaint in quo warranto in which they sought to test the incorporation of the Village of Green Oaks and the subsequent annexation of lands to that village.

The incorporation of Green Oaks commenced with a petition filed December 30, 1959, in the County Court of Lake County seeking the incorporation of certain described territory as a village reciting the number of inhabitants to be 128. An order was entered the same day calling for an election on January 23, 1960. The election was held and a canvass of the returns revealed that a majority of the votes cast favored incorporation and Green Oaks came into existence. No question was raised on the technical compliance with the statutory or procedural requirements.

In 1959 the General Assembly amended the statute relating to the incorporation of villages effective January 1, 1960, increasing the minimum number of inhabitants of a territory seeking incorporation from 100 to 400 and requiring the County Judge to hear testimony upon the filing of a petition and to rule upon the issue whether the area under consideration was or was not a village in fact. Ill Rev Stats 1959, chap 24, art 3, secs 3–5 and 3–6.

The plaintiffs argue that the amending of the statute required a greater minimum population and operated to terminate all proceedings not in compliance therewith on the effective date of January 1, 1960. The Illinois authorities cited in support of this rule relate to the effect of repeal as opposed to the amendment of a statute and as a result the cases are of little assistance in the disposition of this question.

██ The change in the statute is an amendment and accordingly a different rule is applicable under the circumstances. An amendatory act ordinarily is construed as prospective, and not as retroactive, in the absence of express language declaring it to be retroactive. New York Life Ins. Co. v. Murphy (1944), 388 Ill 316, 58 NE2d 182; Sanders, In re Estate of v. Paddock (1951), 342 Ill App 701, 97 NE2d 600. The amendment to the 1960 statute does not contain any language declaring the statute to have a retrospective application and accordingly it will be regarded as being applicable to proceedings on and after its effective date.

██ Our examination of the statutes has disclosed that the substantive differences between them relate to conditions which must exist at the time of the filing of the petition; that the provisions relating to the proceedings had after the filing of the petition and the entry of the order thereon are identical, and that all proceedings had pursuant to the filing of the Green Oaks petition show the statute was followed in every respect. We find that the petition to incorporate complied fully and completely with the law in effect on December 30, 1959, and that the trial judge had jurisdiction thereof and made a determination on that date that compliance was had with the law then in effect. An additional difficulty inherent in the

appellants' position is that those filing a petition under the act in effect prior to January 1, 1960, would be obliged to file their petition a sufficient length of time before that date so that all incorporation proceedings would be "commenced, prosecuted and concluded" while the prior statute was existing law. Although our courts are known to act with promptitude in such proceedings, still as a legal problem such petitioners would never know with certitude if the incorporation proceedings would be concluded before the amendatory act became effective.

The remaining issue urged is that the annexation of certain lands to Green Oaks is invalid. To determine this question a summary of the proceedings in chronological order appears to be as follows: On October 28, 1960, a petition was filed in the County Court of Lake County purporting to be signed by the owners of a majority of the property and a majority of the electors residing in a certain described territory, asking for annexation to Libertyville. On October 31, 1960, a similar petition was filed overlapping the area described in the Libertyville petition seeking annexation of certain property to Green Oaks by property owners and electors residing thereon. Both of these petitions were filed under Ill Rev Stats 1959, chap 24, par 7–2 which provides if such petition is in proper form with the proper signatures the court shall refer the matter of annexation to the corporate authorities who then may proceed to annex by the passage of an ordinance.

On March 3, 1961, by order of the County Court the Libertyville petition was found to lack the required number of signatures by the electors and was dismissed. The Court on April 20, 1961, entered an order finding the Green Oaks petition in proper form

and referred the matter to Green Oaks for consideration. Green Oaks adopted an ordinance annexing the territory therein described.

Commencing January 27, 1961, and extending to March 7, 1961, seven petitions by electors in various tracts therein described were filed with Libertyville seeking annexation. Libertyville by ordinance annexed these tracts which appear to have been included in the original petition for annexation to Green Oaks, upon which an order was entered April 20, 1961, by the County Court. The seven petitions to Libertyville were pursuant to the provisions of Ill Rev Stats 1959, chap 24, par 7-6 which provides if all electors and owners of all the property in a tract petition for annexation the corporate authorities may consent to the annexation by the enactment of an ordinance without reference to the County Court.

■ The parties agree and concur in the principle that the Court can determine the issues completely in an action involving a petition for leave to file a quo warranto proceeding where all of the basic, pertinent facts are before the Court and that there is no need for any further proceedings. People ex rel. Lutz v. France, 314 Ill 51, 54, 145 NE 240, 241, People ex rel. Palmatier v. Tighe, 11 Ill App2d 1, 10, 135 NE2d 811, 815. Plaintiffs concede that all of the pertinent facts relating to the annexations appear in the pleadings.

■■ They urge that the pending petition for annexation to Libertyville filed October 28, 1960, preempts the field as to annexation of the subject property and that the second petition for annexation to Green Oaks filed October 31, 1960, of the subject property, or overlapping property, cannot in fact be filed and that in consequence the petition for annexation to Green Oaks filed three days later, after the petition for annexation to Libertyville, is null and void.

We do not so understand the rule and determine that to preempt the field in an annexation proceedings the petition must be valid and comply with the requirements of the statute in order to give the County Court jurisdiction. The County Court found the petition for annexation to Libertyville was ineffectual in that at the time of filing the petition did not contain sufficient signatures to comply with the provisions of Ill Rev Stats 1959, chap 24, Par 7-2 and did not, therefore, give the Court jurisdiction. The annexation proceeding to Green Oaks was found to comply by the County Court and we determine the annexation to Green Oaks to be valid.

■ The ordinance annexations by Libertyville under Par 7-6 are likewise held to be ineffectual in view of City of Countryside v. Village of La Grange (1962), 24 Ill2d 163, 180 NE2d 488, which involved municipal corporations competing for territory, wherein our Supreme Court said:

> "The principles governing the situation disclosed by the pleadings in this case have been settled by our decisions. In City of East St. Louis v. Touchette, 14 Ill2d 243, 150 NE2d 178, the city of East St. Louis sought to annex certain unincorporated territory. At the time this petition was filed, a proceeding was pending in the county court seeking incorporation of the same territory. We held that no proceeding for annexation of a territory or any part thereof, could be legally initiated after a petition for the organization of said territory into a city has been filed unless said organization was defeated. While the Touchette case on its facts applied only to a situation where an incorporation proceeding is pending at the time an annexation petition is filed, the reasoning of that case makes it clear that the same

result must be reached where an annexation petition is pending at the time another annexation proceeding is commenced. A proceeding for annexation itself involves an incorporation of the previously unincorporated territory. (People ex rel. Quisenberry v. Ellis, 253 Ill 369, 375, 97 NE 697.) Since Countryside's annexation petition was on file in the county court prior to the purported annexation by the village of LaGrange, it necessarily follows under the doctrine of the Touchette case that LaGrange had no power or authority to effect an annexation of the same territory so long as Countryside's petition was on file and undefeated."

Applying the same rule, the ordinance annexations by Libertyville were made at the time Green Oaks had pending a petition on file and undefeated and Libertyville had no power or authority to effect annexation of the same or overlapping territory during the pendency of the Green Oaks petition.

For the reasons stated the judgment of the Circuit Court of Lake County is affirmed.

Judgment affirmed.

CARROLL and MORAN, JJ., concur.