In Re Petition to Annex Certain Territory to the Village of Green Oaks—(James G. Dowden, et al., Petitioners-Appellants, v. Chicago Title and Trust Company, et al., Objectors-Appellees.)

(No. 70-278;

Second District—November 1, 1971.

Eva Schwartzman, of Libertyville, for appellant.

John F. Grady, of Waukegan, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The petitioners appeal from a judgment of the circuit court of Lake County which dismissed their petition to annex property to the Village of Green Oaks. Objections to the petition had been filed by several property owners whose lands were included in the territory sought to be annexed.

The legal description of the property sought to be annexed, as well as the maps of the property, reveal that there is a common boundary between the territory sought to be annexed and the Village of Green Oaks for a distance of approximately 360 feet at the north limits of the Village of Green Oaks. The common boundary of 360 feet is also the southerly boundary line of a parcel sought to be annexed which consists mainly of 20 lots facing west and on O'Plaine Road (a north-south road), each one acre in size and 320 feet deep, together with the east one-half (a 40-foot width) of O'Plaine Road. This parcel extends northerly from the northerly village limits of Green Oaks for approximately ⅝'s of a mile. Other property sought to be annexed extends northerly along O'Plaine Road for a distance of 2½ miles from the parcel just described, in an irregular shape, sometimes including property on both sides of O'Plaine Road and at times only property on the east or west side of

O'Plaine Road, together with that part of O'Plaine Road hereinafter described.

About one and one-half miles north of the Village of Green Oaks, the Northern Illinois Toll Highway cuts across and divides the territory sought to be annexed. No part of the toll highway itself is included in the petition for annexation, and section 7—1—2 (Ill. Rev. Stat. 1969, ch. 24, par. 7—1—2) prevents such inclusion without the written consent of either the governor of Illinois or the governing authority of the Northern Illinois Toll Highway. At the place where the toll highway bisects the property sought to be annexed, the toll highway runs in a generally northwest-southeast direction. The physical connection between the two parts of the territory separated by the Northern Illinois Toll Highway is the O'Plaine Road overpass bridge. The maps in evidence, and the legal description, reveal that the west one-half of O'Plaine Road (County Highway No. 38) running northerly from the northerly limits of the Village of Green Oaks for a distance over one mile, or approximately 6,500 feet, is not included in the petition for annexation, nor is the easterly half of O'Plaine Road from the point where Belvedere Road (State Route 120), which generally runs in an east-west direction, intersects O'Plaine Road north to the northernmost point of annexation, a distance of approximately 3,500 feet. It also appears that for a substantial portion of the 3,5000 feet just mentioned, the east half of O'Plaine Road (County Highway No. 38), north of State Route 120, is not included nor could it be included, within the territory sought to be annexed as it lies within the Village of Gurnee. Thus, the center line of O'Plaine Road is the westerly boundary of the Village of Gurnee for a substantial distance.

The objectors contended that section 7—1—1 (Ill. Rev. Stat. 1969, ch. 24, par. 7—1—1), governing annexation of territory, which provides in part as follows:

"The new boundaries shall extend to the far side of any adjacent highway and shall include all of every highway within the area annexed."

was not complied with by the petitioners, in that substantial portions of O'Plaine Road, a highway adjacent to the area sought to be annexed, were not included within the legal description set forth in the petition and that, therefore, the petition should be dismissed. The trial court dismissed the petition as a consequence of this omission after refusing a request by the petitioners to amend their petition to comply with the requirement that the "new boundary shall extend to the far side of any adjacent highway." It also appears that the trial judge indicated in his colloquy with the attorneys, prior to entering judgment, that he did not feel the part of the property sought to be annexed north of the Northern

Illinois Toll Highway was contiguous to that part of the property sought to be annexed south of the Northern Illinois Toll Highway, even under the guidelines set forth in *People ex rel. So. Barrington v. Hoffman*, 30 Ill.2d 385.

The petitioners argue that the legislature intended, in providing in section 7—1—1 (Ill. Rev. Stat. 1969, ch. 24, par. 7—1—1) that "the new boundaries shall extend to the far side of any adjacent highway," to bring the maintenance and repair of any roads being annexed under one governmental jurisdiction after annexation. Thus, it is said the boundary provision would apply only to the annexation of township roads and not to the annexation of county roads, as the obligation to maintain and repair county roads remains with the County Board regardless of annexation to a municipality. They further state that O'Plaine Road (County Highway No. 38) can only be removed from the County Highway system by a resolution of the County Board and not by annexation to a municipality. Their conclusion is that, although section 7—1—1 says that the new boundaries "shall" extend to the far side of the adjacent highway, it is directory only and not mandatory when applied to county highways, as no rights are lost or prejudiced by the failure to include parts of O'Plaine Road (County Highway No. 38) to the far side.

■■■ To the contrary, the objectors-appellees state that section 7—1—1 states "any adjacent highway" and "all of every highway," and point out that section 2—202 of the Illinois Highway Code (Ill. Rev. Stat. 1969, ch. 121, par. 2—202) defines highways as follows:

"Highway—any public way for vehicular travel which has been laid out in pursuance of any law of this State or of the Territory of Illinois, or which has been established by dedication, or used by the public as a highway for 15 years, or which has been or may be laid out and connect a subdivision or platted land with a public highway and which has been dedicated for the use of the owners of the land included in the subdivision or platted land where there has been an acceptance and use under such dedication by such owners, and which has not been vacated in pursuance of law. The term 'highway' includes rights of way, bridges, drainage structures, signs, guard rails, protective structures and all other structures and appurtenances necessary or convenient for vehicular traffic. A highway in a rural area may be called a 'road', while a highway in a municipal area may be called a 'street'."

The objectors, therefore, say the statutory requirement for an inclusion of all of every highway is plain and unambiguous; that no construction of the language is required; and that the court has no power to dispense with the requirement. Section 7—1—1, hereinbefore referred to, also states as follows:

"Any territory which is not within the corporate limits of any municipality but which is contiguous to a municipality, may be annexed thereto as provided in this Article."

The language is clear and unambiguous that the new boundary of any annexed territory "shall" extend to the far side of any adjacent highway, provided the territory being annexed is not within the corporate limits of any municipality. As the language of the statute is clear and explicit, the annexation must be exercised in the circumstances and manner prescribed in the statute. (*People v. Village of Lyons,* 400 Ill. 82.) The requirement that all highways be included is a part of the annexation process and such requirement cannot be deemed directory only, despite the fact that the word "shall" is used, because the highway is a county highway rather than a township highway. Incidentally, the contention of the objectors that there is no proper proof that O'Plaine Road is a county highway was not raised in the trial court and cannot be raised here now for the first time. Furthermore, the maps, prepared by the Superintendent of the Map Department of Lake County, and on which O'Plaine Road was labeled as "Co. Hwy. #38," were introduced into evidence without objection.

■■ The circuit court did not err in refusing to allow the petitioners to amend their petition to include both sides of O'Plaine Road, where both sides were not included in the petition. It is true that certain amendments to pleadings are permitted under the Illinois Civil Practice Act, but we have been cited no authority, statutory or otherwise, which would permit the changing of a legal description of the property to be annexed to add more property after the petition was filed and statutory notice was published, pursuant to section 7—1—2. The argument of the petitioners, that the amendment should have been permitted because the Village of Green Oaks would or could annex the omitted half of the road later, is conjectural and could not alter the legal requirements, with reference to new boundaries, contained in section 7—1—1.

The appellants contend that under the doctrine of *People ex rel. South Barrington v. Hoffman supra,* the physical connection of the part of the property sought to be annexed south of the toll highway, and that part of the property sought to be annexed north of the toll highway, by the overpass bridge on O'Plaine Road over the toll highway, satisfied the requirement that the annexed property be "contiguous" to the Village of Green Oaks. The trial judge, when the parties hereto were arguing whether or not the facts in the *Hoffman Estates* case were distinguishable from the facts herein, stated that there was no evidence herein to establish that the Village of Green Oaks has any municipal services that it is affording to its own residents, let alone any municipal services that it

is affording to the area sought to be annexed, and concluded that the *Hoffman Estates* case was completely distinguishable from this case. In *Hoffman Estates,* it was said at page 388:

"Access may be had to the annexed territory by means of the Barrington Road, and from the affidavits filed in the trial court it appears that Hoffman Estates *is* already affording police protection, garbage removal, and performing other municipal functions in the area in question. Under these circumstances we believe the annexed territory was contiguous to the village of Hoffman Estates within the meaning to the Municipal Code."

In support of their position, the appellants cite *In Re Annex. Terr. to Village of Buffalo Grove,* 128 Ill.App.2d 261, wherein we said, in commenting upon the *Hoffman Estates* case, at pages 272 and 273:

"We do not consider that this case establishes an additional requirement of 'unity of purpose and facilities' to the well recognized necessity of reasonably substantial physical touching, as constituting contiguity. The necessity for unity and continuity is but an aspect of the requirement of contiguity, for the purpose of creating extensions of municipal corporations which are not separated or segregated in a community sense. If there is reasonably substantial physical touching, there is contiguity. If the only obstruction to a unified community is a natural or artificial obstruction which may be bridged to unify a community, there *may* still be contiguity under the Hoffman Estates doctrine." Emphasis added.

It was also stated on page 273:

"Obviously, if the statute permits the inclusion of unsubdivided lands beyond a city boundary including lands presently used for farming, there can be no requirement that the municipality must be already furnishing its services to the outlying area to compromise corporate unity. \* \* \*

"We there (referring to *In Re Ordinance No. 491, Annexing Territory to Loves Park,* 89 Ill.App.2d 284, 1967) simply recognized that the concept of unity of purpose and facilities was the reason for the statutory requirement of contiguity. The standard of a 'reasonably substantial touching' merely ensures that the municipality, when the new territory is included, will be connected and compact, not separated or segregated, in a *community* sense." Emphasis added.

The *Buffalo Grove* case and the *Loves Park* case did not involve a physical separation of territory to be annexed by a toll highway. In considering the question of contiguity in the *Hoffman Estates* case, the factual situation was that the territory sought to be annexed paralleled the north boundary of the Village of Hoffman Estates for about three

miles; and that for that entire length, except for Barrintgon Road which ran over the tollway, the territory sought to be annexed was separated from the village by the Illinois Toll Highway, which was 300 feet wide. The court in that case in effect found that, despite.the separation caused by the toll highway, the territory on both sides of the highway was already a community.

■■ Here, there is, in effect, a finding to the contrary. The Northern Illinois Toll Highway is not adjacent to and parallel with any boundary of the Village of Green Oaks; rather, the toll highway crosses O'Plaine Road and divides the territory sought to be annexed, according to the map, about one and one-half miles north of the north limits of the Village of Green Oaks. When we consider the factual situation present here, under the applicable case law, we conclude that the trial judge was correct in holding that the part of the territory sought to be annexed north of the toll highway was not contiguous to the Village of Green Oaks.

■■ In dismissing the complaint, the court did not specifically comment upon certain objections made. One of these objections was that the 360-foot common boundary was not sufficient to satisfy the requirement of "contiguity" in annexation proceedings. We consider that objection to be without merit in light of the factual situation present herein and our decision *In Re Annex. Terr. Village of Buffalo Grove supra,* in which we reviewed extensively the requirements of "contiguity." We, likewise, consider other objections made to be without merit. They are that the published notice and annexation petition do not comply with the statute because they did not contain a map, in addition to the legal description. The objectors do not contend that the legal description is inaccurate but it is lengthy and describes a territory to be annexed of irregular shape, as previously mentioned. The fact that the legal description is somewhat complicated, rather than simple, may indicate a desirability that a map be contained in the notice and petition, along with a legal description. However, the statute does not require that either the notice or petition contain a map, and the setting forth of the legal description in each is a technical compliance with the statute and that is all that is necessary. *People v. Village of No. Barrington,* 94 Ill.App.2d 265.

As certain of the objections hereinabove discussed are well taken, the judgment of the circuit court is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.