*In re* PETITION TO ANNEX CERTAIN TERRITORY TO THE VILLAGE OF GREEN OAKS, Petitioners-Appellees, *v.* CHICAGO TITLE & TRUST COMPANY, as Trustee, Objectors-Appellants.

(No. 71-329; ▮▮▮▮▮▮▮▮)

Second District—February 22, 1973.

John F. Grady, of Waukegan, for appellants.

Eva Schwartzman, of Libertyville, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This is an appeal from the order of the trial court which allowed a petition for annexation of certain territory to the Village of Green Oaks. O'Plaine road is adjacent to the territory in the petition, but the petition did not include the road. The express reason for the exclusion of O'Plaine road was that this portion of the road was included in the legal description contained in a prior annexation petition which was pending and undisposed of in the trial court at the time of the hearing on the petition in the instant case. The objectors-appellants challenged the sufficiency of the petition for failure to include the adjacent highway.

The sole issue is whether the petition for annexation was defective for failure to include the portion of the adjacent highway that was required by Ill. Rev. Stat. 1969, ch. 24, sec. 7—1—1, which provides in pertinent part:

"The new boundary shall extend to the far side of any adjacent highway * * *."

*In re Petition to Annex Certain Territory to the Village of Green Oaks (James G. Dowden v. Chicago Title and Trust Co.)* (1971), 1 Ill.App.3d 773, 275 N.E.2d 462, presented a most similar situation to this court. In

that case the court held that the failure to include O'Plaine road was a fatal defect and not in accordance with the statutory provision above quoted.

The only difference between that case and the one now before us is that there was a prior petition pending in the circuit court of Lake County which sought to annex property to the Village of Green Oaks and which included that portion of O'Plaine road contiguous to the property in question now before us.

■■ Prior to 1967 the Annexation Statute, Ill. Rev. Stat. ch. 24, sec. 7—1—1, did not include a provision that adjacent roads be included in a petition for annexation. As a result, in certain instances, the road or highway was omitted which caused considerable problems. The Legislature in 1967 remedied this situation by requiring that a petition for annexation shall extend to the far side of any highway contiguous to the property sought to be annexed.

■■ The petitioners contend that they could not include O'Plaine road as it was included in a prior pending petition for annexation. In support of that contention they have cited *City of East St. Louis v. Touchette* (1958), 14 Ill.2d 243, 150 N.E.2d 178, and *City of Countryside v. Village of La Grange* (1962), 24 Ill.2d 163, 180 N.E.2d 488, which in substance hold that where there are two petitions for annexation, that the petition filed first must be disposed of before the second petition may be considered. We do not consider these cases as authority for omission of the contiguous highway in question here.

In *In re Petition to Annex Certain Territory to the Village of Green Oaks (James G. Dowden v. Chicago Title and Trust Co.)* (1971), 1 Ill.App.3d 773, 275 N.E.2d 462, we stated at page 777:

> "The language is clear and unambiguous that the new boundary of any annexed territory 'shall' extend to the far side of any adjacent highway, provided the territory being annexed is not within the corporate limits of any municipality. As the language of the statute is clear and explicit, the annexation must be exercised in the circumstances and manner prescribed in the statute. [Citation.] The requirement that all highways be included is a part of the annexation process * * *."

It is therefore the opinion of this court that the petition for annexation was fatally defective for failure to include the adjacent roadway and the judgment of the trial court granting such annexation must be reversed.

Reversed.

SEIDENFELD and ABRAHAMSON, JJ., concur.