The People ex rel. The City of Des Plaines, Plaintiff-Appellant, v. The Village of Mount Prospect, Defendant-Appellee.—(Chicago Title and Trust Company, as Trustee, Intervenor-Defendant-Appellee.)

(No. 59999; )

First District (3rd Division)—June 5, 1975.

808

Robert J. Di Leonardi, of Des Plaines, for appellant.

Jack M. Siegel, of Chicago, for appellee Village of Mt. Prospect.

Bernard M. Peskin and Stanley N. Gore, of Rudnick, Wolfe, Snyderman & Foreman, of Chicago, for appellee Chicago Title and Trust Co.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

The relator, the City of Des Plaines filed a complaint in quo warranto to challenge an annexation ordinance of the Village of Mt. Prospect on the grounds that the subject property had already been annexed by Des Plaines. The legal owner of the property, Chicago Title and Trust Company, as trustee, intervened. The circuit court of Cook County held the Des Plaines annexation ordinance null and void for noncompliance with section 7—1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1967, ch. 24, par. 7—1—1), and that the property in question was properly annexed by Mt. Prospect. The City of Des Plaines appeals from the judgment order, raising two issues for our consideration: (1) whether section 7—1—1 automatically extends an annexing municipality's boundaries to the far side of adjoining highways by operation of law, and (2) whether the statute of limitations for challenging an annexation ordinance bars Mt. Prospect's defense.

We affirm.

The facts, as set forth in the pleadings, are uncontested and set forth in chronological order. On April 15, 1968, the City of Des Plaines passed and approved an ordinance by which it purported to annex unincorporated territory located at the southwest corner of the intersection of Dempster Street and Elmhurst Road, in Cook County, Illinois, pursuant to the voluntary written petition of the record owners of the land, as a municipality is authorized to do under section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1967, ch. 24, par. 7—1—8.) Two weeks later, on April 30, 1968, the ordinance and map of the annexed territory were recorded with the Cook County Recorder of Deeds, as prescribed by the statute. About 10 months later, on March 4, 1969, the Village of Mt. Prospect passed and approved an ordinance by which it purported to annex parts of the same territory which had been included in the Des Plaines ordinance. On April 3, 1969, almost a month after the passage of Mt. Prospect's annexation ordinance, Des Plaines applied to the circuit court of Cook County for leave to file a complaint in quo warranto against Mt. Prospect for the defendant municipal corporation "to show by what warrant it exercises governmental powers and functions in and over" the territory in question. The court granted the application; the complaint was filed and the summons was issued that same day. The summons was served upon Mt. Prospect shortly thereafter. Seven days after the filing of the complaint, on April 10, Mt. Prospect recorded its ordinance and map with the Cook County recorder of deeds. On April 30, 1969, 1 year elapsed since the Des Plaines ordinance became final, 1 year being the statute of limitations for challenging annexations. (Ill.

Rev. Stat. 1969, ch. 24, par. 7—1—46.) One week later, on May 7, 1969, Mt. Prospect filed its answer to the complaint, in which it attacked the Des Plaines annexation ordinance as being invalid, *inter alia,* for failure to comply with the requirements of section 7—1—1 of the Code. (Ill. Rev. Stat. 1967, ch. 24, par. 7—1—1.) The legal owner of the territory, Chicago Title and Trust Company, as trustee, subsequently intervened in the action.

Arguments were heard in the cause by the circuit court of Cook County, which found:

> "That Section 7—1—1 of Chapter 24 of the Illinois Revised Statutes then in full force and effect required that, in the case of every annexation ordinance, the new boundary shall extend to the far side of any adjacent highway and shall include all of every highway within the area annexed. That ordinance A—17—68 of the City of Des Plaines failed to include said highways as aforesaid and said ordinance is therefore null and void and of no effect * * *."

Furthermore, the court found that since the Des Plaines ordinance was null and void, it was not a bar to the passage of the Mt. Prospect ordinance, which was "in all respects valid and lawful." The territory in question was declared to be within the corporate limits of the Village of Mt. Prospect, and the City of Des Plaines appeals.

■■ We begin by noting that the Des Plaines complaint in quo warranto was filed before Mt. Prospect recorded its annexation ordinance. The complaint alleged that Mt. Prospect was exercising its governmental powers in and over the territory in question. An action in quo warranto may be brought against any municipal corporation which "exercises powers not conferred by law." (Ill. Rev. Stat. 1967, ch. 112, par. 9; *People ex rel. Gage v. Village of Wilmette* (1940), 375 Ill. 420.) Matters which occur after the filing of a petition for leave to file a complaint in quo warranto cannot be considered by the court. (*People ex rel. Smith v. Wisch* (1952), 345 Ill.App. 609.) The issue of whether or not Mt. Prospect actually exercised its governmental powers in and over the territory in question was not considered by the trial court and need not be considered here. In the absence of objection, we feel the complaint stated a good cause of action in quo warranto. *Cf. Ziebell v. Village of Posen* (1930), 257 Ill.App. 32.

The first of relator-appellant's contentions to be considered is whether the statute of limitations for challenging an annexation bars Mt. Prospect's defense that the Des Plaines ordinance is void. The statute involved (Ill. Rev. Stat. 1967, ch. 24, par. 7—1—46) provides:

> "Neither the People of the State of Illinois nor any person, firm

or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final or within one year of the effective date of this amendatory Act of 1965 whichever date occurs latest. This amendatory Act of 1965 shall apply to annexations made prior to the effective date of the Act as well as those made on or after the effective date. Where a limitation of a shorter period is prescribed by statute such shorter limitation applies and the limitation set forth in this section shall not apply to any annexation where the jury, body or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter."

Des Plaines' complaint in quo warrant was filed on April 3, 1969, 27 days before April 30, which was the 1-year anniversary of the date the Des Plaines annexation became final. The Des Plaines annexation was attacked for the first time by Mt. Prospect's answer, which was filed on May 7, 1969, 1 week *after* the 1-year period ran. Relator Des Plaines argues on appeal that the trial court erred by not concluding that Mt. Prospect's attack was barred by the statute of limitations. Mt. Prospect's position is that the *ab initio* invalidity of Des Plaines' ordinance brings the case within the exception in section 7—1—46 for annexations wherein the annexing body did not have jurisdiction over the subject matter. We disagree with relator for reasons other than those presented by the defendant.

■■ We perceive the issue to be whether an attack upon an annexation raised by an answer to a quo warranto complaint may still be asserted where the attack upon the annexation becomes barred by the statute of limitations at a time after the filing of the complaint. The resolution of this issue depends upon how Mt. Prospect's attack is viewed. If the attack is characterized as a matter of pure defense, the law to be applied is that matters of pure defense are never barred by a statute of limitations. (*Heck v. Rodgers* (7th Cir. 1972), 457 F.2d 303.) If, on the other hand, the attack is characterized as being in the nature of a counterclaim, there is a question as to whether the matter raised in the answer to the complaint in quo warranto is barred by the statute of limitations.

■■ Quo warranto is a legal action whereby the legality of an exercise of powers by a municipal corporation may be placed in issue. At common law, only the defendant's rights could be considered; the relator's title could not be adjudicated. (65 Am. Jur. 2d *Quo Warranto*, § 115, at 312 (1972).) Under such an action, it would not have been possible for Des Plaines' annexation to have been declared null and void because the

court would have had subject matter jurisdiction only over the question of the legality of Mt. Prospect's annexation. Mt. Prospect's attack would have been in the nature of a matter in pure defense, only to defendant itself. In Illinois, the common-law action of quo warranto has been modified by the legislature in this regard to the end that "[t]he Court shall determine and adjudge the rights of all parties to the proceeding." (Ill. Rev. Stat. 1967, ch. 112, par. 14.) Under the statute, the trial court herein also had subject matter jurisdiction over the question of whether Des Plaines' annexation was proper. Unlike a matter in pure defense, which may be used only as a shield but not as a sword to counterattack, Mt. Prospect's answer bears a striking resemblance to a counterclaim, which in the context of the instant action would be comparable to Mt. Prospect filing a counterclaim in quo warranto against Des Plaines. Because the matter contained in Mt. Prospect's answer most closely resembles a counterclaim, we shall apply the rule pertaining to counterclaims.

■■ The general rule of law is concisely stated in 51 Am. Jur. 2d *Limitation of Actions* § 78, at page 657 (1970):

> "The prevailing view seems to be that, unless otherwise provided by statute, if a counterclaim or setoff is not barred at the commencement of the action in which it is pleaded, it does not become so afterward, during the pendency of that action."

In Illinois, the rule has been set forth in statute:

> "A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise * * *." (Ill. Rev. Stat. 1967, ch. 83, par. 18.)

Although neither the common-law rule nor the statute directly applies to a matter resembling a counterclaim which is raised in an answer to a complaint in quo warranto, we feel that the rule of law derived therefrom is sound insofar as it applies to the facts of the instant case. Accordingly, we hold that the trial court did not err by allowing Mt. Prospect to attack Des Plaines' annexation by the filing of an answer after the statute of limitations for the challenging of Des Plaines' annexation ran, where the complaint in quo warranto was filed prior to the running of the statute of limitations.

Since the legal result of this holding is that the statute of limitations in section 7—1—46 does not apply under these facts, it is not necessary for us to consider Mt. Prospect's argument that the lack of subject matter jurisdiction exception to the statute of limitations applies.

Relator's major contention on appeal is that the trial court misinterpreted section 7—1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1967, ch. 24, par. 7—1—1.) This section provides in part:

"Any territory which is not within the corporate limits of any municipality but which is contiguous to a municipality, may be annexed thereto as provided in this Article.

 ❖ ❖ ❖

The new boundary shall extend to the far side of any adjacent highway and shall include all of every highway within the area annexed."

It is uncontroverted that Des Plaines' ordinance did not include both sides of the adjacent highways, that the highways were unincorporated area at the time of the Des Plaines annexation, and that the new boundary did not extend to the far side of the adjacent highways. As stated earlier, the trial court held the Des Plaines annexation null and void because the ordinance failed to include both sides of the highways. Des Plaines' position is that section 7—1—1 automatically extends the municipal boundary to the far side of the adjacent highways by operation of law. Mt. Prospect argues in support of the trial court's ruling that Des Plaines' failure to comply with section 7—1—1 was fatal to the Des Plaines annexation.

■■■ Where the proper construction of a statute is in issue, as in this case, the primary rule to be followed is that the court should ascertain and give effect to the true intent and meaning of the legislature. In the instant case, the legislative intent may be derived from an understanding of the annexation process. It is fundamental that "a municipality has no power to extend its boundaries unless and except in the manner authorized by the legislature so to do." (*City of East St. Louis v. Touchette* (1958), 14 Ill.2d 243, 249.) The legislature has specified the proper procedure for a municipality to annex territory to itself. (Ill. Rev. Stat. 1967, ch. 24, par. 7—1—1 *et seq.*) Also, the legislature has enacted the quo warranto act (Ill. Rev. Stat. 1967, ch. 112, par. 9 *et seq.*) so that the enactment of an annexation ordinance may be challenged and the annexing municipal corporation may prove that all the elements of its annexation are proper as being in accordance with the statute. (*People ex rel. Karns v. Village of Caseyville* (1968), 99 Ill.App.2d 60, 241 N.E.2d 23; *People ex rel. Universal Oil Products Co. v. Village of Lyons* (1948), 400 Ill. 82; See generally 2 McQuillin, Municipal Corporations § 7.34 (3rd ed. 1966).) In 1965, the legislature enacted a 1-year statute of limitations on the challenging of annexation ordinances. (Ill. Rev. Stat. 1967, ch. 24, par. 7—1—46.) Contained within section 7—1—46 is a provision that the section shall not apply where the annexing body did not

have jurisdiction of the subject matter at the time of the annexation. Reading all these statutes together, we are of the opinion that the legislature intended that an annexation ordinance should be voidable within one year of the date it becomes final. Should an annexing municipality be challenged in quo warranto within the 1-year period, it would have the affirmative burden of proving that all the elements of its annexation were proper, unless the absent element concerned a minor directory matter which is not required for a valid annexation. (See *In re Annexation of Certain Territory to the City of Darien* (1973), 16 Ill.App.3d 140, 304 N.E.2d 769.) If the annexation ordinance should be attacked in quo warranto after the 1-year period elapses, the only matter which could be raised would be that the ordinance was void *ab initio* for want of subject matter jurisdiction.

■■ In the case at bar, the validity of Des Plaines' ordinance was called into question by Mt. Prospect's answer to an action in quo warranto, which we stated above was tantamount to a counterclaim in quo warranto. Mt. Prospect's answer challenged Des Plaines' annexation ordinance for Des Plaines' failure to annex both sides of the adjacent highways, as is specified by section 7—1—1. We do not feel that this provision is minor and unimportant, or has the effect argued by relator. The provision was placed in the statute for a purpose, which was discussed by the Second District Appellate Court in *In re Petition to Annex Certain Territory to the Village of Green Oaks v. Chicago Title & Trust Co.* (1973), 10 Ill.App.3d 181, 182, 293 N.E.2d 174:

> "Prior to 1967 the Annexation Statute, Ill. Rev. Stat. ch. 24, sec. 7—1—1, did not include a provision that adjacent roads be included in a petition for annexation. As a result, in certain instances, the road or highway was omitted which caused considerable problems. The Legislature in 1967 remedied this situation by requiring that a petition for annexation shall extend to the far side of any highway contiguous to the property sought to be annexed."

Therein, the court held invalid a petition for annexation which failed to include adjacent roadways, relying upon a prior case, *In re Petition to Annex Certain Territory to the Village of Green Oaks* (1971), 1 Ill. App.3d 773, 275 N.E.2d 462, wherein the court wrote at page 777:

> "The language is clear and unambiguous that the new boundary of any annexed territory 'shall' extend to the far side of any adjacent highway, provided the territory being annexed is not within the corporate limits of any municipality. As the language of the statute is clear and explicit, the annexation must be exercised in the circumstances and manner prescribed in the statute. [Cita-

tion.] The requirement that all highways be included is a part of the annexation process * * *."

Although the two *Green Oaks cases* do not deal with an annexation ordinance challenged in quo warranto, we feel the principles expressed in the cases are applicable to the instant facts. Accordingly, we find that Des Plaines has failed to prove that its annexation of the territory was proper, and that the trial court properly held the annexation null and void as having been successfully challenged in a quo warranto proceeding within 1 year. We need not address ourselves to the question of whether the ordinance could have been successfully challenged after one year.

Having determined the invalidity of the Des Plaines annexation, there but remains the question of the validity of Mt. Prospect's annexation. Since the trial court found that the Mt. Prospect annexation was proper, and there is no indication to the contrary, we hold that the defendant's annexation was proper.

For the above-mentioned reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and MEJDA, JJ., concur.