THE VILLAGE OF KILDEER, Plaintiff-Appellee, v. THE VILLAGE OF LAKE ZURICH, Defendant-Appellant.

Second District   No. 2—87—0646

Opinion filed April 7, 1988.—Rehearing denied May 11, 1988.

James S. Gordon and Edward Slovick, both of James S. Gordon, Ltd., of Chicago, and Joseph N. Sikes, of Grayslake, for appellant.

John M. Mullen, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for appellee.

JUSTICE HOPF delivered the opinion of the court:
Plaintiff, the Village of Kildeer, brought this *quo warranto* action to challenge an annexation ordinance adopted by defendant, the Village of Lake Zurich. Lake Zurich's ordinance purported to annex territory included in annexation ordinances previously filed by Kildeer. Lake Zurich appeals from the trial court order which denied its motion for summary judgment and granted Kildeer's motion for summary judgment. Defendant contends that the trial court disposition was error because (1) Kildeer lacked standing to maintain a private *quo warranto* action, (2) the court failed to determine the validity of Kildeer's annexation ordinances, (3) Kildeer's ordinances were invalid, and (4) Lake Zurich's own ordinance was valid. Upon review we find that this matter must be reversed and remanded.

In February 1986 Kildeer, acting pursuant to section 7—1—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—2), filed three separate ordinances seeking to annex certain territory. The trial court found the ordinances valid and set the matters for referenda. On July 21, 1986, Lake Zurich adopted an ordinance annexing territory which partially overlapped Kildeer's proposed annexation. Lake Zurich adopted its ordinance pursuant to section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—8), which provides for a voluntary petition for annexation by property owners to the proper corporate authorities.

During September and October 1986, in response to motions by affected property owners, the trial court vacated all three of the March 1986 orders which had approved Kildeer's ordinances and set them for referenda. Kildeer appealed and the cases were consolidated.

In December 1986, while its ordinance cases were pending before

this court, Kildeer filed an application for leave to file the instant complaint. Lake Zurich moved for judgment on the application alleging that plaintiff lacked standing because its ordinances were invalid. In March 1987 Kildeer was granted leave to file its complaint. Instead of ruling on defendant's motion for judgment on the application, the court indicated that the pending motion would stand as Lake Zurich's motion for summary judgment. Subsequently, the parties formally filed cross-motions for summary judgment. Lake Zurich again challenged Kildeer's standing to bring the *quo warranto* action alleging that its annexation ordinances were invalid.

After a hearing on the motions the trial court found that Lake Zurich's annexation was invalid because the Kildeer annexation ordinances had been previously filed, were as yet undefeated, and thus enjoyed priority. Kildeer's motion for summary judgment was granted and Lake Zurich's was denied. Lake Zurich then filed this timely appeal.

During the time for filing briefs in the instant matter, we decided the consolidated cases involving Kildeer's ordinances. In two of the cases we affirmed the trial court's vacation of its prior orders and remanded to the lower court for further proceedings. In the third case we reversed the trial court and remanded with direction to allow Kildeer to answer the property owners' motion to vacate. (*In re Petition of the Village of Kildeer to Annex Certain Property* (1987), 162 Ill. App. 3d 262, 514 N.E.2d 1020.) Kildeer has now been granted leave to appeal those matters to our supreme court. *In re Petition of the Village of Kildeer to Annex Certain Property* (1988), 118 Ill. 2d 544.

On appeal in the instant case Lake Zurich again contends, as a threshold issue, that plaintiff lacks standing to seek relief in a *quo warranto* action. This contention is based on defendant's argument that Kildeer's ordinances were invalid at the outset and, therefore, Kildeer has no interest whatsoever in the territory annexed by Lake Zurich. Absent an interest, defendant argues, Kildeer has no standing. Defendant insists that the trial court should have determined the validity of Kildeer's ordinances and, assuming they were held invalid, found that Kildeer lacked standing and dismissed its suit. Kildeer responds that the trial court properly exercised its discretion in granting Kildeer leave to file a *quo warranto* complaint since the village's prior annexation proceedings were still pending and had neither been terminated nor defeated.

■■ ■ We cannot agree with defendant that Kildeer lacks standing on the basis defendant asserts. Standing to bring a *quo warranto* action cannot be made to depend upon resolution of an issue raised

within the *quo warranto* action itself. On the contrary, a plaintiff's standing to sue must be determined from the allegations of his complaint and as of the time the action is commenced. (*People ex rel. Lee v. Kenroy, Inc.* (1977), 54 Ill. App. 3d 688, 692, 370 N.E.2d 78.) Thus, a party either has standing at the time the suit is brought or it does not. In this case defendant has raised the issue of the validity of Kildeer's ordinances *in response* to the *quo warranto* complaint. Defendant now asks us to resolve that issue and then apply our conclusion to the question of plaintiff's standing. This we cannot do. If plaintiff lacked standing to bring its suit in the first place, questions about its ordinances could never be reached.

Plaintiff's standing in this case does not appear to present a real issue. It is well established that a city whose territory has allegedly been annexed by another city has a sufficient interest to give it standing to initiate a *quo warranto* action. (*People ex rel. Village of Long Grove v. Village of Buffalo Grove* (1987), 162 Ill. App. 3d 340, 345, 515 N.E.2d 438; *People ex rel. City of North Chicago v. City of Waukegan* (1983), 116 Ill. App. 3d 88, 92-93, 451 N.E.2d 293.) While the territory claimed to be annexed by Lake Zurich in the present case did not include part of the incorporated Village of Kildeer, it is undisputed that Kildeer had adopted and filed ordinances seeking to annex part of that same territory. It is also undisputed that Kildeer initiated its annexation proceedings several months before Lake Zurich acted and that Kildeer's ordinances, even to the present time, are undefeated. We find Kildeer's interest in the overlapping territory to be sufficient to give it standing in a *quo warranto* proceeding.

Defendant's reliance on *People ex rel. Village of Worth v. Ihde* (1961), 23 Ill. 2d 63, 177 N.E.2d 313, and *People ex rel. Saam v. Village of Green Oaks* (1965), 55 Ill. App. 2d 51, 204 N.E.2d 149, is misplaced. While both cases involved *quo warranto* actions challenging competing annexations, standing was not an issue in either of them. In fact, in *Ihde* every single issue raised by the plaintiff was examined and resolved, including issues which challenged the validity of the defendant's subsequent annexation. Consideration of defendant's argument that plaintiff's annexation was itself invalid was merely one part of the court's overall review. That plaintiff's ordinance was ultimately judicially determined to be invalid obviously did not deprive the village of standing to come into court in the first place.

In *Saam*, plaintiff's application for leave to file a *quo warranto* challenge to an annexation by Green Oaks was dismissed because its own annexation ordinance, although initiated prior to defendant's, was invalid. However, *Saam* did not involve an attempt to bar plain-

tiff's *quo warranto* action altogether. On the contrary, the court indicated that the "parties agree and concur in the principle that the Court can determine the issues completely in an action involving a petition for leave to file a *quo warranto* proceeding [when the facts are before the court and no further proceedings are necessary]." (*Saam*, 55 Ill. App. 2d at 56.) The court then reviewed the issues raised by the parties and determined that Green Oaks' annexation was valid. Thus, even though plaintiff's prior petition had been found invalid it did not prevent plaintiff's pursuit of defendant in *quo warranto*. Neither *Ihde* nor *Saam* is of help to Lake Zurich on the issue of standing.

Since we have decided the *quo warranto* challenge was properly brought before the court by Kildeer, we must now determine whether the trial court should have addressed Lake Zurich's attack on Kildeer's ordinances. There can be no doubt that the question of the validity of the ordinances was presented to the court. Lake Zurich raised the issue over and over again through its various motions, pleadings, exhibits, and arguments. The trial court, however, did not reach the question. Rather, it merely found that since Kildeer's ordinances were already pending and undefeated, the subsequent Lake Zurich annexation ordinance was invalid.

■ Defendant insists that the trial court's refusal to adjudicate the validity of Kildeer's ordinances was error. In response plaintiff points out that questions of the validity of its ordinances were, and still are, before another court and maintains that the lower court in this case correctly refused to conduct what plaintiff calls a "collateral review" of those judicial proceedings. As we mentioned above, all three of the trial court orders vacating the approvals of Kildeer's ordinances were appealed. Those cases were before us but as yet unresolved at the time the instant *quo warranto* proceedings were being disposed of by the trial court. Kildeer argues vigorously that the appellate court had exclusive jurisdiction over its annexation proceedings and that a trial level review would have improperly intruded upon that jurisdiction. Although we are aware that Kildeer's ordinance cases are now before the supreme court, we do not believe, as plaintiff asserts, that the pendency of those proceedings precludes trial court review of the issues raised in this *quo warranto* proceeding.

To begin with, the cases on appeal to the supreme court are not the same as the one now before us. The challenges to Kildeer's three ordinances were made in the form of objections by property owners/objectors who came into court pursuant to the annexation statutes which allow such objections. (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—3.)

Defendant here, Lake Zurich, was neither a party nor in any other way involved in those proceedings. In this regard Kildeer is not well served by the cases it cites in support of its theory of "collateral review." (*In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, 502 N.E.2d 459; *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 1052, 430 N.E.2d 569; *Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 334 N.E.2d 288; *Shapiro v. Shapiro* (1969), 113 Ill. App. 2d 374, 383, 252 N.E.2d 93.) As pointed out by defendant, all of those cases involved concurrent proceedings involving the same parties.

Furthermore, we perceive *quo warranto* as a proper channel for a comprehensive review of this case. Under the common law, in a *quo warranto* action only the defendant's exercise of powers could be considered; the rights of the plaintiff could not be adjudicated. (*People ex rel. City of Des Plaines v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 807, 811, 331 N.E. 2d 373.) In such an action the court could not have made any determination of the validity of ordinances such as those of Kildeer in the case at bar because it would have had subject matter jurisdiction only over the questions involving the Lake Zurich annexation. The only way in which Kildeer's ordinances could have been raised would have been purely as a matter of defense on the part of Lake Zurich. (*City of Des Plaines*, 29 Ill. App. 3d at 811-12.) However, the common law action of *quo warranto* has been modified in Illinois to expand the subject matter jurisdiction of the court. Section 18—103 of the Illinois Code of Civil Procedure (Code) defines the scope of inquiry in *quo warranto* proceedings as follows:

> "The several rights of diverse parties to the same office or franchise, privilege, exemption or license, may properly be determined in one action, and all such persons may be joined in the same complaint, in order to try their respective rights to such office, franchise, privilege, exemption or license ***." (Ill. Rev. Stat. 1985, ch. 110, par. 18—103.)

It is further stated in section 18—108 of the Code that "[t]he court shall determine and adjudge the rights of all parties to the proceeding." Ill. Rev. Stat. 1985, ch. 110, par. 18—108.

In our view the statutory language quoted above reflects an intent to assure that, when a proper *quo warranto* action is initiated, the matter before the court will be resolved in its entirety and the conflicting rights of all the parties will be adjudicated. We conclude that, pursuant to the statute, the trial court in the case now before us had subject matter jurisdiction not only over questions regarding the legality of Lake Zurich's exercise of its powers but also over questions regarding the propriety of Kildeer's similar but conflicting exercise of

power. (See *People ex rel. City of Des Plaines*, 29 Ill. App. 3d at 812.) We conclude also that, precisely because this was a *quo warranto* action and Kildeer's ordinances were attacked within the action, it was not enough for the trial court to consider the fact, and only the fact, that Kildeer's proposed annexation was still pending. What is important in *quo warranto* is to untangle the claims and issues, adjudicate the parties' rights, and dispose of the entire matter. Clearly, in this case Lake Zurich and Kildeer claimed the same rights and powers and, in fact, the same territory. Those conflicts should have been put to rest.

Finally, in our opinion, plaintiff cannot avoid review on the theory it proposes since it was Kildeer itself which simultaneously pursued both the subject annexations and the instant action. By so doing Kildeer rendered its own ordinances vulnerable to attack and virtually assured that at some point those ordinances would be exposed to the light of judicial review. Plaintiff cannot now be heard to complain that such review is inappropriate in this *quo warranto* action. We think *quo warranto*, which is a forum designed to encourage the airing of all the issues, is certainly appropriate for review of the Kildeer ordinances to the extent they are challenged by Lake Zurich.

■ We recognize that the trial court relied on the rule set forth in *City of Countryside v. Village of La Grange* (1962), 24 Ill. 2d 163, 180 N.E.2d 488, that multiple overlapping annexation proceedings must normally be considered and completed in the order in which they were initiated. We note, however, that the ordinance in *Countryside* was attacked on grounds of both priority and validity. While the court did find that the ordinance enjoyed priority, it also determined the validity challenge to be unfounded. Thus, despite its priority, the ordinance was not exempt from scrutiny to determine whether it was valid. *Countryside* cannot be said to stand for the proposition that a determination of priority is necessarily both the beginning and the end of a judicial examination of competing annexations. This is particularly so when the action is in *quo warranto*. *Countryside* was not a *quo warranto* action; it arose from objections to an annexation and is not controlling in a case such as this one where the prior or "first" annexing party itself brings a *quo warranto* action. As we noted above, by bringing this action Kildeer rendered its own annexation ordinances subject to review. Accordingly, the trial court should not have ended its inquiry with the finding that Kildeer's undefeated priority barred Lake Zurich's challenge. Rather, it should have proceeded to resolve the issues raised by both the Kildeer and Lake Zurich annexation proceedings. In the absence of the determination of those is-

sues, Kildeer was not entitled to summary judgment.

Since the remaining issues raised by the parties must be remanded for determination by the trial court, we decline to address them here. That portion of the trial court order entering summary judgment in favor of plaintiff is reversed, and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed in part and remanded.

DUNN and REINHARD, JJ., concur.