FIFTH DIVISION

                                                    May 16, 2003 

1-01-3139

COUNTRY MUTUAL INSURANCE COMPANY, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County. 

)

)

v. )

)

) 

STATE FARM MUTUAL AUTOMOBILE )

INSURANCE COMPANY, ) Honorable

) John K. Madden,

Defendant-Appellant. ) Judge Presiding.

 JUSTICE QUINN delivered the opinion of the court:

 On September 9, 1997, Betty Raap sustained injuries stemming from an automobile accident involving Robert Zeni.  At the time of the accident, Raap was insured by plaintiff Country Mutual Insurance Company (Country Mutual) and Zeni was insured by defendant State Farm Mutual Automobile Insurance Company (State Farm).  Following arbitration with State Farm, Country Mutual was awarded $4,943.50.  Pursuant to section 11 of the Uniform Arbitration Act (710 ILCS 5/11
 (West 2000)), Country Mutual filed a petition with the circuit court to confirm the arbitration award.  State Farm subsequently filed a motion for "leave to file counterclaim and third party complaint for interpleader."  The trial court denied State Farm's motion to file an interpleader and ordered it to pay Country Mutual $4,943.50 plus costs and interest.  In a case of first impression, State Farm contends on appeal that the trial court erred in denying its motion to file an interpleader because pursuant to the Attorneys Lien Act (770 ILCS 5/1 (West 2000)), the Hospital Lien Act (770 ILCS 35/1 
et
 
seq
. (West 2000)), and the Physicians Lien Act (770 ILCS 80/1 
et
 
seq
. (West 2000)) (collectively the Lien Acts), the liens of the parties covered by the Lien Acts attach to the arbitration award it was ordered to pay Country Mutual.  For the reasons set forth below, we affirm the judgment of the trial court.  

BACKGROUND

In July 2000, Country Mutual filed its petition for confirmation of the arbitration award in the municipal division of the circuit court of Cook County.  According to the petition, following the automobile accident between Raap and Zeni, Raap was treated for her injuries and Country Mutual paid the amounts owed for that treatment.  Country Mutual stated that pursuant to an "Inter-Company Arbitration Agreement," it and State Farm had agreed to binding arbitration to resolve subrogation disputes relating to payments for medical care.  

Under the rules and regulations governing the arbitration, the parties agreed:

"The Medical Payment Subrogation Arbitration Agreement is applicable only to controversies involving insurance companies.  The interests of parties other than insurance carriers may not be arbitrated under the Agreement.  The fact that such parties may be insureds of signatory companies does not alter this prohibition."  

In its petition, Country Mutual asserted that State Farm had failed to comply with the rules and regulations governing the arbitration by paying judgment within 30 days of July 6, 1999, the date of the arbitration award.  Country Mutual sought enforcement of the award against State Farm in addition to costs, interest and attorney fees.

In its answer, State Farm explained that it had tendered a check to Country Mutual on August 19, 1999, for the amount awarded, which was payable to "COUNTRY COMPANIES [
sic
] A/S/O BETTY RAPP [
sic
] & CENTRA/DR. ARTHUR LA MARRE & CENTRAL DU PAGE HOSPITAL & RICHARD E[.] STECK, P.C., ATTORNEY & COUNSELLOR [
sic
] AT LAW ON BEHALF OF BETTY RAPP [
sic
]."  Country Mutual refused the check.  State Farm asserted that under the Lien Acts, it was legally obligated to include the three parties named in the August 1999 check in addition to Raap because each of them had served liens on State Farm prior to the arbitration proceeding.  

In addition to filing its answer, State Farm filed a "motion to transfer cause to chancery division and for leave to file counterclaim and third party complaint for interpleader."  Over Country Mutual's objection, the trial court transferred the case to the municipal division.  As for the counterclaim and third- party petition for interpleader, State Farm sought to interplead Dr. Arthur La Marre, Central DuPage Hospital and attorney Richard Steck, all of whom had previously filed liens with State Farm.  The trial court denied State Farm's motion and granted a separate motion filed by Country Mutual for judgment on the pleadings.  State Farm was ordered to pay Country Mutual $4,943.50 plus costs and interest.  State Farm's motion for reconsideration was denied, and it now appeals to this court.  

ANALYSIS

On appeal, State Farm contends that the trial court erred in denying its motion to file a counterclaim and third-party complaint for interpleader against the lienholders.  Directing this court to provisions of the Lien Acts, State Farm argues that the liens filed against it prior to the arbitration attach to Country Mutual's award.

Section 1 of the Attorney's Lien Act provides in relevant part:

"Attorneys at law shall have a lien 
upon all claims, demands and causes of actions
, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients ***."  (Emphasis added.)  770 ILCS 5/1 (West 2000).  

Section 1 of the Hospital Lien Act provides:

"Every hospital rendering service in the treatment, care, and maintenance, of an injured person shall have a lien 
upon all claims and causes of action
 of the injured person for the amount of its reasonable charges up to the date of payment of damages."  (Emphasis added.)  770 ILCS 35/1 (West 2000).  

Section 1 of the Physicians Lien Act provides:

"Every licensed physician practicing in this 

State who renders services by way of treatment to 

injured persons *** shall have a lien 
upon all claims

and causes of action
 for the amount of his reasonable charges up to the date of payment of such damages."  (Emphasis added.)  770 ILCS 80/1 (West 2000).

In reliance upon the emphasized language, State Farm argues that because the Lien Acts provide that liens attach to "all claims and causes of action," and there is no exception for arbitration awards, the trial court erred in not allowing it to interplead the three parties who filed the liens.  

This appeal requires us to interpret provisions of the Lien Acts.   We interpret statutes 
de
 
novo
, without any deference to the trial court's interpretation.  
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 503 (2000).  When interpreting a statute, it is proper to ascertain the legislature's intent.  
Paris v. Feder
, 179 Ill. 2d 173, 177 (1997).  The best evidence of that intent is the language the legislature used in the statute, and we should give the language its plain and ordinary meaning.  
Paris
, 179 Ill. 2d at 177.

State Farm ignores the legal principle that when interpreting a statute, it must be read as a whole, and no word should be interpreted so as to be rendered meaningless.  
Temesvary v. Houdek
, 301 Ill. App. 3d 560, 565 (1998).  Section 1 of the Hospital Lien Act is applicable only to "claims and causes of action 
of the injured party
."  (Emphasis added.) 770 ILCS 35/1 (West 2000).  Here, the subject matter of the arbitration was not Raap's claim, as the injured party, but rather Country Mutual's subrogation rights relating to its previous expenditures for Raap's medical treatment.  The arbitration proceeding was separate and distinct from any "claims and causes of action" that Raap may have against Zeni due to the accident.  Therefore, we find that the Hospital Lien Act does not provide a mechanism for a lien to attach to Country Mutual's arbitration award.

Although section 1 of the Physicians Lien Act is not limited to claims and causes of actions of the injured party, a review of section 2 of that act mandates affirmance of the trial court's decision not to allow State Farm to interplead Dr. La Marre.

Section 2 of the Physicians Lien Act provides: 

"The lien of any such licensed physician practicing in this State shall, from and after the time of service of the aforesaid notice, attach to any verdict, judgment or order secured in any suit or action 
by the injured party
 based on the negligent or wrongful act, and to any money or property which may be recovered by compromise settlement, or in any suit or action brought by such injured person on account of such claim or right of action."  (Emphasis added.)  770  ILCS 80/2 (West 2000).

When interpreting a statute, a fundamental rule of statutory construction is that when a general provision and a specific provision of a statute relate to the same subject, it is the specific provision that controls and should be applied.  
People v. Villarreal
, 152 Ill. 2d 368, 379 (1992).  Both section 1 and section 2 of the Physicians Lien Act address the attachment of liens by doctors.  Although State Farm is correct that section 1 provides for attachment "upon all claims and causes of action," section 2 restricts attachment to suits or actions "by the injured party."  770 ILCS 80/1,2 (West 2000).  In this case, Country Mutual's arbitration award was for reimbursement for funds it had paid for medical care for Raap.  This is not a suit or action by the injured party.  

We note that section 2 of the Hospital Lien Act, similar to section 2 of the Physicians Lien Act, provides that a perfected hospital lien "shall *** attach to any verdict or judgment secured in any action by the injured party."  770 ILCS 35/2 (West 2000).  Thus, section 2 of the Hospital Lien Act, like section 2 of the Physicians Lien Act, only permits attachment to judgments resulting from suits or actions "by the injured party," not arbitration awards between insurance companies, which do not directly involve the injured party. 

As for the Attorneys Lien Act, we find that the trial court was also correct in not allowing State Farm to interplead Raap's attorney. 

In 
People v. Philip Morris, Inc.
, 198 Ill. 2d 87, 97 (2001), our supreme court stated:

"[I]t is quite settled that an attorney's lien under the [Attorneys Lien] Act 'is a lien upon the proceeds, only, of the litigation or settlement of the claim.'  
Baker v. Baker
, 258 Ill. 418, 421 (1913).  The attorney's only interest is in the proceeds of the litigation or its settlement.  
Process Color Plate Co. v. Chicago Urban Transportation District
, 125 Ill. App. 3d 885, 891 (1984)."  

The funds Country Mutual was awarded after arbitration, which are merely a reimbursement for money it had expended for Raap's care following the accident, are not proceeds "of the litigation or its settlement."  Furthermore, an attorney's lien attaches only upon those proceeds that the attorney recovers for the client through his or her professional services.  See 
Philip Morris
, 198 Ill. 2d at 97; 
Watkins v. GMAC Financial Services
, 337 Ill. App. 3d 58 (2003) (an attorney's lien is not superior to a previously perfected security interest in insurance proceeds payable by loss or damage to collateral); 
cf.
 
Bishop v. Burgard
, 198 Ill. 2d 495 (2002) (the common fund doctrine requires an ERISA plan to reimburse a plaintiff's attorney for reasonable value of legal services rendered in protecting the plan's subrogation lien).  In the instant case, Raap's attorney had nothing to do with the arbitration proceeding wherein Country Mutual sought, and was awarded, reimbursement for its payment of Raap's medical expenses. 

We note that our ruling today does not adversely affect the rights of the various lienholders.  Under all of the Lien Acts, the lienholders can obtain payment for their services from amounts recovered in litigation relating to the accident.  Moreover, to the extent that the proceeds of the litigation are insufficient to satisfy the respective liens, the lienholders can also sue their client to recover for their services.  See 
Philip Morris
, 197 Ill. 2d at 98 ("[I]t is well settled that, outside of the [Attorneys Lien] Act, attorneys can still sue their clients to recover for their services"); 
Piller v. Weippert
, 260 Ill. App. 3d 677, 680 (1994) ("Nothing in [the Physicians Lien] Act abrogates the right of the physician to file an action to recover for medical services rendered").

Finally, State Farm asserts that it should not have to compensate Country Mutual for monies owed to Central DuPage Hospital that were never paid to the hospital.  We will not address this matter as it should have been addressed in the arbitration proceeding.   

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and REID, J., concur.