No. 2-09-0791       Filed: 8-31-10
_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE VILLAGE OF GLENDALE HEIGHTS, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff and Counterdefendant-Appellee, | ) | |
| | ) | |
| v. | ) | No. 04--CH--73 |
| | ) | |
| GLEN AYRE ENTERPRISES, INC., and ALBERT J. SCHNEIDER, | ) | |
| | ) | Honorable |
| Defendants and Counterplaintiffs-Appellants. | ) | Bonnie M. Wheaton, |
| | ) | Judge, Presiding. |

_____

JUSTICE O'MALLEY delivered the opinion of the court:

Defendants and counterplaintiffs, Glen Ayre Enterprises, Inc., and its president, Albert Schneider, appeal from the trial court's judgment in favor of plaintiff and counterdefendant, the Village of Glendale Heights, on plaintiff's complaint seeking relief for zoning ordinance violations on defendants' property. On appeal, defendants argue that the trial court erred in refusing to consider their affirmative defense that the property should not be subject to plaintiff's ordinances, because the property was never validly annexed into the Village of Glendale Heights.[1] For the reasons that

_____

[1]After the parties finished briefing, and after we held oral argument, defendants filed an "emergency motion" stating that they had discharged their appellate counsel. The motion asked that we strike their briefs and oral argument but that we nonetheless reverse the trial court's decision on the basis that the underlying annexation was invalid. We hereby grant the motion and thus disregard

follow, we affirm the trial court's judgment.

In its January 2004 complaint, plaintiff alleged that Glen Ayre was the owner of a parcel of real estate that had been annexed into the Village of Glendale Heights via an October 2000 ordinance. The complaint further alleged that Glen Ayre violated plaintiff's zoning ordinances, and it thus sought injunctions restricting the use of the land.

Defendants thereafter filed affirmative defenses, including the defense that the annexation was void because it was not accomplished in compliance with governing statutes. Plaintiff responded to this affirmative defense by arguing, inter alia, that defendants were seeking to overturn the annexation after the one-year statutory time limit.

At trial, plaintiff adduced evidence that the subject property had several ordinance violations, and defendants attempted to establish, largely through offers of proof, that the annexation ordinance was void. The trial court ruled that plaintiff was entitled to declarations that the annexation was valid and that defendants' property was subject to plaintiff's ordinances. After the trial court denied their postjudgment motion, defendants timely appealed.

On appeal, defendants argue that the trial court erred in concluding that the statute of limitations barred their affirmative defense contesting the validity of the annexation. Defendants call upon us to interpret the reach of the limitations statute; such questions of statutory interpretation are issues of law to be reviewed de novo. Alvarez v. Pappas, 229 Ill. 2d 217, 220 (2008).

---

defendants' now withdrawn claims unrelated to the validity of the annexation. However, defendants' motion offers no cogent legal argument as to why the purported invalidity of the annexation should affect plaintiff's action. Instead of summarily rejecting defendants' appeal on that basis, we consider the invalid-annexation issue in light of the legal arguments advanced by their former counsel.

In construing a statute, a court's primary goal is to determine the intent of the legislature, and the best indicator of that intent is the plain language of the statute in question. In re Marriage of Best, 228 Ill. 2d 107, 116 (2008). We thus begin with the language of the limitations statute upon which the trial court relied. That language appears, not among the many statutes of limitations in the Code of Civil Procedure (see 735 ILCS 5/13--101 et seq. (West 2004)), but in section 7--1--46 of the Illinois Municipal Code (65 ILCS 5/7--1--46 (West 2004)), near the end of a Municipal Code division pertaining to annexation of territory (see 65 ILCS 5/7--1--1 et seq. (West 2004)). Section 7--1--46 provides as follows:

> "Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final ***. *** The limitation set forth in this section shall apply to any annexation, even where the judge, body or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter, and irrespective of whether such annexation may otherwise be defective or void, except that the limitation of this Section shall not apply to annexations of territory which was not contiguous at the time of annexation and is not contiguous at the time an action is brought to contest such annexation." 65 ILCS 5/7--1--46 (West 2004).

Defendants do not dispute that the current suit, and thus their affirmative defense based on the validity of the annexation, did not commence within a year of the date the annexation was finalized. Defendants also do not dispute the contiguity of the subject property, so they do not fall within the

exception provided in the limitations statute. Instead, defendants argue that the limitations statute does not apply here.

Defendants' former counsel based this argument on the statute's language providing that a party "shall not commence an action" "unless initiated" within the one-year limitations period. Counsel argued that this language, given its plain meaning, indicates the legislature's intent that the limitations period apply only to the commencement of actions, not to affirmative defenses. See 735 ILCS 5/2--201 (West 2004) ("Every action *** shall be commenced by the filing of a complaint").

This argument, which defendants' former counsel appears to have been the first to conceive, espouses a very reasonable interpretation of the quoted statutory language. Indeed, it is quite true that the language can be read to imply that defenses should not be barred by the statute. However, plaintiff is correct when it responds that the remainder of section 7--1--46 sets out a legislative purpose that, under the facts of this case, conflicts with defendants' reading. The overall language of the statute, which bars actions "either directly or indirectly" contesting an annexation more than a year after the annexation has been finalized (65 ILCS 5/7--1--46 (West 2004)), indicates the legislature's "obvious intent of shielding the zoning provisions of annexation agreements from attack after the passage of the one-year limitation period" (Langendorf v. City of Urbana, 197 Ill. 2d 100, 109 (2001)). As plaintiff argues, to allow defendants to defend against plaintiff's assertion of zoning authority by arguing that the annexation was invalid would be to allow defendants to challenge the annexation agreement "indirectly," despite the legislature's intent to forestall such challenges.[2]

---

[2]Defendants in their briefs protested that they were not challenging the annexation, but were "only seek[ing] a finding that [plaintiff] cannot prove its case because the underlying foundation of its power [i.e., the annexation] is fatally defective" or "simply *** defending a claim *** founded

Faced with this conflict, we must follow the portions of section 7--1--46 more closely tied to the legislature's purpose; that is, we must follow the language indicating the legislature's intent that annexations be shielded from attack after the passage of the one-year limitations period, rather than the "commence an action" language upon which defendants rely. This result follows from several principles. First, although defendants are correct that the language of the statute, read literally, extends the limitations period only to "commence[ment of] an action" and not to assertion of a defense, the language also indicates that it should apply to a defense with the purpose of challenging a finalized annexation beyond the limitations period. Thus, the language of section 7--1--46 yields more than one interpretation. Second, if the facts of this case force us to choose which of two aspects of the statute the legislature intended to have enforced, we think it far more likely that the common phrase, "commence an action," was included without full consideration than that the unique purpose of the statute was set forth without full consideration. Thus, the policy language is far more likely to reflect legislative intent than is the offhand "commence an action" language. Third, as stated, our goal in interpreting a statute is to ascertain legislative intent; the language of the statute is the most reliable means to that end, but not the end in itself. Where the two conflict, we

---

upon an ineffective and non-existent annexation." By defendants' own description, then, their argument depends on the idea that the annexation was invalid. Thus, the only way a court could accept their argument is by ruling that the annexation was invalid. Further, the effect of defendants' argument, if successful, would be that plaintiff could not enforce its zoning and related laws against defendants; this, for all practical purposes, is the same remedy defendants would receive if they successfully challenged the annexation. We therefore are not persuaded that defendants are not challenging the annexation.

must follow the purpose. Cf. American Country Insurance Co. v. Wilcoxon, 127 Ill. 2d 230, 239 (1989) ("It is a basic axiom of statutory construction that in determining the intent of the legislature, a court may properly consider not only the language of the statute, but also 'the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved' "), quoting Stewart v. Industrial Comm'n, 115 Ill. 2d 337, 341 (1987). Fourth, and relatedly, when a court seeks to determine the meaning of statutory language, it should not construe words and phrases in isolation, but instead should interpret the language in light of the statute as a whole. E.g., Michigan Avenue National Bank v. County of Cook, 191 Ill. 2d 493, 504 (2000). While, in isolation, the phrase "commence an action" can be read to limit section 7--1--46 to only actions and thus exclude defenses, the section as a whole very strongly indicates that the legislature intended to insulate finalized annexations from all legal attacks, whether or not by commencement of actions. Under the facts of this case, based on these principles, we interpret section 7--1--46 as applying to defendants' affirmative defense challenging the validity of the annexation just as it would apply to a claim challenging the annexation. Thus, we reject defendants' argument that the trial court erred in concluding that section 7--1--46 barred their affirmative defense regarding the validity of the annexation.

The decision in People ex rel. City of Des Plaines v. Village of Mount Prospect, 29 Ill. App. 3d 807 (1975), does not change our result. In Des Plaines, the plaintiff municipality filed an action to declare invalid another annexation of the same property by the defendant municipality, on the basis that the property had already been annexed when the second municipality purported to annex it. Des Plaines, 29 Ill. App. 3d at 809. The defendant answered by challenging the validity of the plaintiff's annexation. Des Plaines, 29 Ill. App. 3d at 809. The plaintiff filed its action within one

year of its own annexation, but the defendant's answer was filed one week after the one-year anniversary. Des Plaines, 29 Ill. App. 3d at 809-10. On appeal, the court held that the defendant's answer bore "a striking resemblance to a counterclaim," and it thus applied the rule that a counterclaim not barred by a statute of limitations at the commencement of an action will not be so barred if raised during the action. Des Plaines, 29 Ill. App. 3d at 812. Here, by contrast, defendants do not argue that their challenge to the annexation's validity raises a counterclaim, and, in any event, the action here commenced long after the one-year limitations period had run.

Aside from the above statutory-interpretation argument, defendants' former counsel also contended that the annexation was void ab initio and thus a nullity that could be attacked at any time, notwithstanding any statute of limitations. In their briefs, defendants cited several cases that state the proposition that an annexation that fails to comply with certain statutory requirements may be considered void and thus may be attacked at any time. However, the case law upon which defendants relied was based on a previous version of section 7--1--46. E.g., In re Annexation to City of Prospect Heights, 111 Ill. App. 3d 541, 543 (1982) (citing older cases and applying the 1979 version of the statute). That previous version provided that "the limitation set forth in [the] section shall not apply to any annexation where the judge, body or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter." Ill. Rev. Stat. 1979, ch. 24, par. 7--1--46. Section 7--1--46 was since amended (Pub. Act 82--211, §1, eff. August 14, 1981) to state precisely the opposite. The section now provides that its limitations period "shall apply to any annexation, even where the judge, body or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter, and irrespective of whether such annexation may

otherwise be defective or void." 65 ILCS 5/7--1--46 (West 2006). This amended language directly refutes defendants' voidness argument.

In their briefs, defendants' counsel next argued that, even if the statute of limitations contained in section 7--1--46 might otherwise apply, it does not apply here, because defendants' challenge to the validity of the annexation falls within what counsel called the "saving" provision of section 13--207 of the Code of Civil Procedure (735 ILCS 5/13--207 (West 2004)). That provision states as follows:

> "A defendant may plead a set-off or counterclaim barred by the statute of limitation *** to any action, the cause of which was owned by the plaintiff *** before such set-off or counterclaim was so barred, and not otherwise." 735 ILCS 5/13--207 (West 2004).

The purpose of this section "is to prevent plaintiffs from intentionally filing their claims as late as possible in order to preclude defendants from a reasonable opportunity to file their counterclaim within the original limitations period." Cameron General Corp. v. Hafnia Holdings, Inc., 289 Ill. App. 3d 495, 506 (1997).[3]

Our threshold difficulty with this argument is that it presumes that defendants' challenge to the annexation is a counterclaim, despite counsel's insistence, in the statute of limitations argument, that defendants' challenge was a defense and not a claim. However, nomenclature aside, we do not agree that the "saving" provision of section 13--207 saves defendants' claim here.

The particular statute of limitations at issue here, section 7--1--46 of the Municipal Code, is no ordinary statute of limitations. The typical statute of limitations exists primarily "to require the

---

[3]Plaintiff does not dispute defendants' counsel's assertion that plaintiff's cause of action accrued during the one-year limitations period for a claim challenging the annexation.

prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims." Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, 61 Ill. 2d 129, 132 (1975). Section 7--1--46 was enacted with an entirely different aim: "shielding the zoning provisions of annexation agreements from attack after the passage of the one-year limitation period." Langendorf, 197 Ill. 2d at 109. The legislative preference for finality in annexation proceedings is so strong that, again unlike typical statutes of limitations, the annexation limitations statute is not tempered by any discovery rule pausing the start of the limitations period until the claimant knew of or should have discovered the cause of action. See, e.g., Lubin v. Jewish Children's Bureau, 328 Ill. App. 3d 169, 171-72 (2002) (explaining the normal discovery rule). These two observations compel the conclusion that section 7--1--46 represents a legislative policy, in favor of limiting annexation challenges, that is unusually strong among limitations statutes. To enforce the "saving" provision of section 13--207 against section 7--1--46 would be to allow a general limitations statute to vitiate the unusually strong, and very specific, policy embodied in section 7--1--46.

This court has explained that section 13--207's "saving" provision does not apply in similar situations, albeit at least partially for reasons rendered obsolete under our current constitution. In Wood Acceptance Co. v. King, 18 Ill. App. 3d 149 (1974), the defendant raised a counterclaim based on a federal statute containing a one-year limitations period, and the trial court granted the plaintiff's motion to dismiss the counterclaim as time-barred. King, 18 Ill. App. 3d at 149-50. On appeal, the court quoted the "saving" provision of a previous version of section 13--207 (see King, 18 Ill. App. 3d at 150, quoting Ill. Rev. Stat. 1971, ch. 83, par. 18), but it then noted that the saving provision was qualified by the rule that it did not "supplant fixed limitations expressed in statutes that create

*** actions" (King, 18 Ill. App. 3d at 150). The court observed that several types of statutes creating causes of action not known to common law, and also containing their own limitations provisions, had "been construed as creating the condition precedent that the action be filed within the time prescribed in the statute creating the right." King, 18 Ill. App. 3d at 150. The court explained that its rule, which would disregard a general statute of limitations where a more specific limitations period is embedded within the statute itself, was based on the idea that "compliance with fixed limitations within the statute is indispensable to the maintenance of a right thereunder" because the time element of the statute "is such an integral part of the enactment *** that it necessarily is a condition of the liability itself and not on the remedy alone." King, 18 Ill. App. 3d at 150. However, the King court cautioned against a "boilerplate application of the rationale that demands strict compliance with all prerequisites of the statutory created actions," and it cited precedent for the notion that a court considering whether to apply a general limitations statute should balance the purposes underlying that general statute and the particular statute at issue. King, 18 Ill. App. 3d at 151.

We say that the reasoning in King is at least partially obsolete because it is packaged in language implying that courts enjoy limited statutory jurisdiction or that the legislature may impose conditions precedent to courts' jurisdiction; our supreme court has explained that neither of those concepts is true under our current constitution. See Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325 (2002).[4] However, questions of jurisdiction notwithstanding, the point

---

[4]We further note that King relied on case law that came to the same rule by analyzing statutory language that no longer appears in the Code of Civil Procedure. See King, 18 Ill. App. 3d at 150-51, citing Wilson v. Tromly, 336 Ill. App. 403, 407 (1949) (relying on the idea that the Code

still holds that the legislature may condition a party's ability to recover, and a court must enforce such restrictions even if its failure to do so would not create a jurisdictional defect. Thus, we can take from King the idea that, by embedding a particularized limitations period within a statute, the legislature might intend that the limitation be integral to the statute despite a contrary limitations period (or "saving" provision) contained in the Code of Civil Procedure. The procedure King suggests for determining whether the particularized limitations period is, in fact, integral, so that it should override the general provision (or "saving" provision) in the Code of Civil Procedure, is to determine whether the purpose for the particularized limitation outweighs the purpose for the general limitation. We undertake that analysis above, where we conclude that section 7--1--46, the particularized limitations statute at issue here, embodies a legislative policy that is much stronger than the general policy animating the general limitations provisions contained in the Code of Civil Procedure. Accordingly, we conclude that the general "saving" provision contained in section 13--207 of the Code of Civil Procedure does not supplant the particularized limitation contained in section 7--1--46 of the Municipal Code, and we reject defendants' former counsel's argument that section 13--207 saves their claim. Because we conclude that defendants may not now challenge the annexation of the subject property, we do not consider any arguments contesting the propriety of the annexation.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

---

of Civil Procedure's general limitations provisions were all qualified by the statement that they applied " 'except when a different limitation is prescribed by statute' "), quoting Ill. Rev. Stat. 1949, ch. 83, par. 13.

JORGENSEN and HUDSON, JJ., concur.