# Illinois Official Reports

## Appellate Court

***Stivers v. Bean*, 2014 IL App (4th) 130255**

| | |
|---|---|
| Appellate Court Caption | NORMAN STIVERS; MARY STIVERS; MICHAEL UNRUH; LAURA DENISON; JEFF HOYT; TONYA HOYT; MICHAEL LANE; CHERYL LANE; JOSEPH SCHRODT; DAVID HASKELL; KAREN HASKELL; THOMAS EICHENAUER; THE JOAN H. WOLF LIVING TRUST; and THE VILLAGE OF FORSYTH, ILLINOIS, a Municipal Corporation, Plaintiffs-Appellees, v. STEPHEN BEAN, in His Official Capacity as County Clerk of Macon County, Illinois; and THE BOARD OF LIBRARY TRUSTEES OF THE BARCLAY PUBLIC LIBRARY DISTRICT, Defendants-Appellants. |
| District & No. | Fourth District<br>Docket No. 4-13-0255 |
| Filed | January 13, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment was improperly entered for plaintiffs in their *mandamus* action seeking to compel defendant county clerk to disconnect their parcels from the library district they were in prior to the annexation of their property into plaintiff village, notwithstanding the fact that denying plaintiffs' claim would result in their paying taxes for two library districts, since defendants argued that plaintiffs failed to follow the statutory procedures applicable to the annexation of the parcels at issue, and in view of the alleged noncompliance with the statutory procedures, plaintiffs' right to judgment was not "clear and free from doubt" for purposes of being entitled to summary judgment. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 11-MR-421; the Hon. Albert G. Webber, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Edward F. Flynn (argued) and Erick F. Hubbard (argued), both of Featherstun Gaumer Postlewait Stocks Flynn & Hubbard, of Decatur, for appellants. |
| | Scott E. Garwood (argued) and Craig W. Runyon, both of Samuels, Miller, Schroeder, Jackson & Sly, LLP, of Decatur, for appellees. |
| Panel | JUSTICE APPLETON delivered the judgment of the court, with opinion. Justice Knecht concurred in the judgment and opinion. Justice Turner dissented, with opinion. |

**OPINION**

¶ 1    The Village of Forsyth (village) and the owners of 10 parcels of land brought an action for *mandamus* against Stephen Bean in his capacity as the Macon County clerk and against the board of library trustees of the Barclay Public Library District (district), seeking to compel Bean to disconnect the parcels from the district because the village, which had a public library of its own, had passed ordinances annexing the parcels.

¶ 2    Defendants pleaded affirmative defenses, the first two of which raised the village's failure to follow certain statutory procedures for annexing territory. (We do not reach the remaining affirmative defenses.) Plaintiffs moved for summary judgment on the ground that the expired period of limitation in section 7-1-46 of the Illinois Municipal Code (65 ILCS 5/7-1-46 (West 2002)) barred defendants from challenging the annexations, even in a defensive posture. The trial court granted plaintiffs' motion for summary judgment. Defendants appeal.

¶ 3    We reverse the summary judgment, and remand this case for further proceedings, because defendants did not file a stale claim. Statutes of limitations bar stale claims, not defenses.

¶ 4                                    I. BACKGROUND

¶ 5        From August 7, 1992, to September 2, 2003, the village enacted 10 ordinances: ordinance Nos. 393 (adopted Aug. 7, 1992), 394 (adopted Aug. 7, 1992), 403 (adopted Nov. 19, 1992), 406 (adopted Nov. 19, 1992), 411 (adopted Jan. 4, 1993), 423 (adopted Feb. 21, 1994), 424 (adopted Feb. 21, 1994), 517 (adopted Feb. 16, 1999), 541 (adopted Mar. 19, 2001), and 606 (adopted Sept. 2, 2003). Each of these ordinances purported to annex a parcel of land contiguous to the village. See 65 ILCS 5/7-1-1 (West 2002). (For the sake of simplicity, we will cite only the 2002 edition of the Illinois Compiled Statutes, since no relevant statutory amendment occurred during the period of 1992 to 2003.)

¶ 6        All 10 parcels were in the district. The significance of this fact is that the landowners had been paying property taxes to the district, for the support of the Barclay Public Library. See 75 ILCS 16/35-5 (West 2002).

¶ 7        Because the village has a public library of its own, the annexation of the 10 parcels by the village would have the effect of disconnecting them from the district and terminating the landowners' obligation to contribute any further property taxes to the district. Section 15-85(a) of the Public Library District Act of 1991 (75 ILCS 16/15-85(a) (West 2002)) provides: "Any territory within a public library district that is or has been annexed to a municipality (where that municipality maintains a public library) is, by operation of law, disconnected from the public library district as of the January first next after the territory is annexed."

¶ 8        In July 2009 the village requested Bean to disconnect the 10 parcels from the district. On the advice of legal counsel, he declined to do so.

¶ 9        In November 2011 the village and the landowners filed a complaint for *mandamus* against Bean and the board of trustees of the district, seeking an order compelling Bean to disconnect the 10 parcels from the district.

¶ 10       Defendants responded with affirmative defenses raising, among other issues, the village's failure to follow all the statutory procedures for annexation. According to the first affirmative defense, the village failed to file with the county recorder affidavits attesting it had served the trustees of the district with notices of the proposed annexations. Section 7-1-1 of the Illinois Municipal Code (65 ILCS 5/7-1-1 (West 2002)) provides:

> "When any land proposed to be annexed is part of any Fire Protection District or of any Public Library District and the annexing municipality provides fire protection or a public library, as the case may be, the Trustees of each District shall be notified in writing by certified or registered mail before any court hearing or other action is taken for annexation. The notice shall be served 10 days in advance. An affidavit that service of notice has been had as provided by this Section must be filed with the clerk of the court in which the annexation proceedings are pending or will be instituted or, when no court proceedings are involved, with the recorder for the county where the land is situated. No annexation of that land is effective unless service is had and the affidavit filed as provided in this Section."

No annexation proceedings ever were initiated in circuit court; hence, affidavits should have been filed with the Macon County recorder. See *id.*

- 3 -

¶ 11   In their reply to this first affirmative defense, plaintiffs admit that as to 6 of the 10 ordinances, specifically ordinance Nos. 403, 406, 411, 517, 541, and 606, no affidavit pursuant to section 7-1-1 of the Illinois Municipal Code was filed with the county recorder. (The reply says "407" instead of "406," but the parties appear to agree that "407" is a typographical error and that plaintiffs mean "406.")

¶ 12   It is undisputed that affidavits were filed with respect to the remaining four ordinances: ordinance Nos. 393, 394, 423, and 424. Even so, the notices corresponding to those four ordinances were incomplete and uninformative, defendants allege. According to the second affirmative defense, the village failed to provide "meaningful notice" to the trustees of the district, as required by *People ex rel. County of St. Clair v. City of Belleville*, 84 Ill. 2d 1, 9 (1981). In *City of Belleville*, the supreme court held that, in order for a notice under section 7-1-1 to be meaningful, it had to provide enough information that the recipient of the notice, the trustee, would have a reasonable opportunity to contest the proposed annexation. *Id.* at 8-9. Thus, if the annexation was to be voted on in a meeting of the city council, the notice had to so inform the trustee: the notice had to state the date of the meeting and that the annexation of specific territory within the district would be voted on in that meeting, so that the trustee could come to the meeting and be heard. *Id.* at 9. The second affirmative defense alleges: "[T]o the extent notice was given, it was not 'meaningful notice' in that it did not give notice of the action to be taken and the specific dates on which action was to be taken."

¶ 13   Plaintiffs denied the second affirmative defense in its entirety. Nevertheless, defendants provided the trial court with copies of the notices corresponding to ordinance Nos. 393, 394, 423, and 424, and they are materially incomplete. The notice corresponding to ordinance Nos. 393 and 394 reads as follows:

> "You are hereby notified that the Village of Forsyth, County of Macon, is about to annex the territories hereinafter described on the attached Exhibit A pursuant to the provisions of Article 7, Division 1 of the Illinois Municipal Code (Chapter 24, Illinois Revised Statutes)."

This notice does not reveal the date of the meeting in which the proposed annexations will be voted on.

¶ 14   The notice corresponding to ordinance Nos. 423 and 424 reads as follows:

> "YOU ARE HEREBY NOTIFIED that the Village of Forsyth, County of Macon, is about to annex the territories hereinafter described on the attached Exhibits A and B pursuant to the provisions of Article 7, Division 1 of the Illinois Municipal Code."

Likewise, this notice does not reveal the date of the meeting in which the proposed annexations will be voted on.

¶ 15   Plaintiffs argued, however, that it was too late for defendants to challenge the annexations, even by way of defense. In their motion for summary judgment, plaintiffs invoked the one-year period of limitation in section 7-1-46 of the Illinois Municipal Code (65 ILCS 5/7-1-46 (West 2002)), contending that it barred defendants from raising, as affirmative defenses, any failure by the village to follow the statutory procedures for the annexation of territory. Section 7-1-46 of the Illinois Municipal Code provides:

"Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final or within one year of the effective date of this amendatory Act of 1965 whichever date occurs latest. This amendatory Act of 1965 shall apply to annexations made prior to the effective date of the Act as well as those made on or after the effective date. Where a limitation of a shorter period is prescribed by statute such shorter limitation applies. The limitation set forth in this section shall apply to any annexation, even where the judge, body or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter, and irrespective of whether such annexation may otherwise be defective or void, except that the limitation of this Section shall not apply to annexations of territory which was not contiguous at the time of annexation and is not contiguous at the time an action is brought to contest such annexation." 65 ILCS 5/7-1-46 (West 2002).

¶ 16    It did not escape the trial court's notice that section 7-1-46 referred to the "commence[ment]" of "an action" rather than the assertion of an affirmative defense. Therefore, initially, the court denied plaintiffs' motion for summary judgment. On reconsideration, however, the court felt bound to follow *Village of Glendale Heights v. Glen Ayre Enterprises, Inc.*, 404 Ill. App. 3d 205, 209-10 (2010)–rightly so. Accordingly, on the authority of *Glendale Heights*, the court granted plaintiffs' motion for summary judgment, concluding that the expired period of limitation in section 7-1-46 of the Illinois Municipal Code (65 ILCS 5/7-1-46 (West 2002)) barred defendants from raising the procedural deficiencies as a defense to plaintiffs' action for *mandamus* and that, consequently, the parcels should be regarded as disconnected from the district by operation of section 15-85(a) of the Public Library District Act of 1991 (75 ILCS 16/15-85(a) (West 2002)). The court ordered Bean to disconnect the 10 parcels.

¶ 17    This appeal followed.

¶ 18                              II. ANALYSIS
¶ 19                        A. Our Standard of Review
¶ 20    The trial court should grant a motion for summary judgment only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012).

¶ 21    Thus, ruling on a motion for summary judgment entails answering two questions. The first question is whether there is any genuine issue of material fact. *Baier v. State Farm Insurance Co.*, 28 Ill. App. 3d 917, 920 (1975). A "material fact" is one that, under the applicable law, could affect the outcome of the case. *Bank of America National Ass'n v. Bassman, FBT, L.L.C.*, 2012 IL App (2d) 110729, ¶ 3. A "genuine issue" is one that arguably could be resolved in the nonmoving party's favor (*Allegro Services, Ltd. v. Metropolitan Pier & Exposition*

*Authority*, 172 Ill. 2d 243, 256 (1996)) when the evidence is strictly construed against the moving party and is viewed in the light most favorable to the nonmoving party (*Pagano v. Occidental Chemical Corp.*, 257 Ill. App. 3d 905, 908 (1994)). If there is a genuine issue of material fact, the trial court should deny the motion for summary judgment. *Baier*, 28 Ill. App. 3d at 920.

¶ 22　　If there is no genuine issue of material fact, a second question arises: do the facts entitle the moving party to judgment as a matter of law? 735 ILCS 5/2-1005(c) (West 2012); *Baier*, 28 Ill. App. 3d at 920. In other words, what is the legal effect of the facts? *Frost v. Robave, Inc.*, 296 Ill. App. 3d 528, 532 (1998).

¶ 23　　"Accordingly, two questions are presented on review from an order granting summary judgment. The first is whether any genuine issues of material fact remain. The second is whether the trial court correctly interpreted the law. [Citation.] We review these questions *de novo*. [Citation.]" *Farmers Automobile Insurance Ass'n v. Country Mutual Insurance Co.*, 309 Ill. App. 3d 694, 698 (2000). See also *Country Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co.*, 339 Ill. App. 3d 78, 81 (2003) (we interpret statutes *de novo*).

¶ 24　　　　　　　　　　　　　　　B. *Glendale Heights*

¶ 25　　These two questions might overlap. Identifying the "material" facts requires legal interpretation, because the law determines what facts matter to the outcome of the litigation. Therefore, we will begin by expounding the case law that is directly on point, *Glendale Heights*, and then we will explain why we disagree with that case.

¶ 26　　In *Glendale Heights*, the plaintiff was the Village of Glendale Heights, and the defendants were Glen Ayre Enterprises, Inc. (Glen Ayre), and its president, Albert Schneider. *Glendale Heights*, 404 Ill. App. 3d at 206. According to the complaint, Glen Ayre owned a parcel of real estate that the plaintiff had annexed, and Glen Ayre was using the parcel in a way that violated the plaintiff's zoning ordinance. *Id.* at 206-07. The plaintiff sought an injunction against the violation. *Id.*

¶ 27　　The defendants pleaded an affirmative defense: "the annexation was void because it was not accomplished in compliance with governing statutes." *Id.* at 207. The plaintiff responded that section 7-1-46 of the Illinois Municipal Code (65 ILCS 5/7-1-46 (West 2004)) barred the defendants from "seeking to overturn the annexation after the one-year statutory time limit." *Glendale Heights*, 404 Ill. App. 3d at 207. The trial court agreed with the plaintiff, and the defendants appealed. *Id.*

¶ 28　　In its opinion, which affirmed the trial court's judgment, the Second District admitted that, "read literally," section 7-1-46 applied only to the " 'commence[ment of] an action' and not to assertion of a defense." *Id.* at 209 (quoting 65 ILCS 5/7-1-46 (West 2004)). Nevertheless, the Second District perceived in "the remainder of section 7-1-46" a strong legislative purpose to make an annexation invulnerable to attack a year after the annexation became final. *Id.* at 208. The Second District reasoned: "[A]llow[ing] [the] defendants to defend against [the] plaintiff's assertion of zoning authority by arguing that the annexation was invalid would be to allow [the] defendants to challenge the annexation agreement 'indirectly,' despite the legislature's

- 6 -

intent to forestall such challenges." *Id.* Therefore, the Second District "interpret[ed] section 7-1-46 as applying to [the] defendants' *affirmative defense* challenging the validity of the annexation just as it would apply to a *claim* challenging the annexation." (Emphases added.) *Id.* at 209-10.

¶ 29    The problem with this interpretation is it has no basis in the text of section 7-1-46. The Second District sees a conflict between the "language" of section 7-1-46 and the "legislative intent" and decides that the "legislative intent" should trump the "language." *Id.* at 209. But the statutory language is our only means of access to the legislative intent. When we interpret a statute, "the primary rule is to ascertain and give effect to the true intent and meaning of the legislature *evidenced by the language used*." (Emphasis added.) *Langendorf v. City of Urbana*, 197 Ill. 2d 100, 109 (2001). "When the language of a statute is clear and plain[,] there is no room for construction, and we are not at liberty to speculate upon what was the intention of the legislature." *State Board of Health v. Ross*, 191 Ill. 87, 92-93 (1901).

¶ 30    As the Second District correctly says, courts consider the reason for the statute and the undesirable state of affairs the statute apparently was intended to address. *Glendale Heights*, 404 Ill. App. 3d at 209. But courts do not *always* do so. Those considerations are aids to construction (*Jackim v. CC-Lake, Inc.*, 363 Ill. App. 3d 759, 764-65 (2005); *People ex rel. Ryan v. Village of Villa Park*, 212 Ill. App. 3d 187, 191 (1991)), and we need aids to construction only if the statute is ambiguous (*People v. Bonds*, 401 Ill. App. 3d 668, 675 (2010); *Board of Education of the City of Chicago v. Chicago Teachers Union, Local 1*, 26 Ill. App. 3d 806, 810 (1975)). As the Second District said in *Ryan*, 212 Ill. App. 3d at 191:

> "Since the language of a provision is the best indication of the drafters' intent, if that language is unambiguous, the plain and ordinary meaning of that language will be given effect. [Citation.] *If there is an ambiguity, however*, other aids in construction may be considered, including the reason for the law, the purpose sought to be achieved through its passage, and the evils sought to be remedied." (Emphasis added.)

Likewise, the First District has said:

> " '*Where the meaning of an enactment is unclear from the statutory language itself*, the court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy.' [Citation.] *** However, when the legislature's language is clear, it will be given effect without resort to other aids for construction. [Citation.] When the legislature's intent is clear from the plain and ordinary language of the statute, we have no authority to construe it otherwise." (Emphasis added.) *Jackim*, 363 Ill. App. 3d at 764-65 (quoting *Kunkel v. Walton*, 179 Ill. 2d 519, 533-34 (1997)).

Construction aids do not allow us to rewrite a clear and unambiguous statute.

¶ 31    The language of section 7-1-46 of the Illinois Municipal Code is clear and unambiguous: "Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final ***." 65 ILCS 5/7-1-46 (West 2002). Quite simply,

then, we infer that the legislature intended to bar the commencement of an action contesting, directly or indirectly, an annexation of territory to a municipality unless the action is commenced within one year after the annexation became final–just as the legislature plainly said. We do not infer some additional, covert intent that the legislature needs help expressing. The statute says nothing about affirmative defenses, and we have no power to amend the statute so as to make it applicable to affirmative defenses. That is the legislature's prerogative.

¶ 32    Admittedly, as the Second District noted, the supreme court in *Langendorf* expressed the legislative purpose of section 7-1-46 more broadly: the legislature had the " 'obvious intent of shielding the zoning provisions of annexation agreements from attack after the passage of the one-year limitation period.' " *Glendale Heights*, 404 Ill. App. 3d at 208 (quoting *Langendorf*, 197 Ill. 2d at 109). "A judicial opinion," however, "is a response to the issues before the court *** [and] must be read in the light of the issues that were before the court for determination." *Nix v. Smith*, 32 Ill. 2d 465, 470 (1965); see also *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 189 (2005). The issue in *Langendorf* was not whether the period of limitation in section 7-1-46 barred an affirmative defense; rather, the issue was whether it barred an action, a complaint for declaratory judgment. *Langendorf*, 197 Ill. 2d at 102. Similarly, in *People ex rel. Ropac v. City of Edwardsville*, 345 Ill. App. 3d 414, 417-18 (2003)–another case on which the trial court relied in addition to *Glendale Heights*–the Fifth District held that the period of limitation in section 7-1-46 barred an action, a *quo warranto* complaint.

¶ 33    In the present case, by contrast, defendants have filed no complaint. They have "commence[d]" no "action." 65 ILCS 5/7-1-46 (West 2002). Instead, they have raised the invalidity of the annexations purely by way of defense.

¶ 34    The first and second affirmative defenses are genuine affirmative defenses. The supreme court has explained the nature of an affirmative defense:

> "An affirmative defense does not negate the essential elements of the plaintiff's cause of action. To the contrary, it admits the legal sufficiency of that cause of action. [Citation.] It assumes that the defendant would otherwise be liable, if the facts alleged are true, but asserts new matter by which the plaintiff's apparent right to recovery is defeated." *Vroegh v. J&M Forklift*, 165 Ill. 2d 523, 530 (1995).

Consistent with this definition of an affirmative defense, the first and second affirmative defenses do not deny the essential factual allegations of plaintiffs' complaint for *mandamus*. They do not deny, for example, that the village passed ordinances annexing the 10 parcels. Instead, these affirmative defenses raise additional facts that, under section 7-1-1 (65 ILCS 5/7-1-1 (West 2002)) and *City of Belleville*, arguably defeat plaintiffs' action for *mandamus*, namely, the failure to file affidavits and the failure to send out meaningful notices.

¶ 35    It might be argued–and indeed the dissent does argue–that the first and second affirmative defenses are disguised counterclaims and, as such, are "actions" within the meaning of section 7-1-46 in that, essentially, they seek affirmative relief in the form of a holding that the annexations are ineffective under section 7-1-1. See *7-Eleven, Inc. v. Dar*, 325 Ill. App. 3d 399, 406 (2001) (defining an "action" as "[t]he legal and formal demand of one's right from another person or party made and insisted on in a court of justice" (internal quotation marks omitted));

see also *Glendale Heights*, 404 Ill. App. 3d at 213 (holding that section 7-1-46 can bar a counterclaim, despite the provision in section 13-207 of the Code of Civil Procedure (735 ILCS 5/13-207 (West 2004)) that "[a] defendant may plead *** counterclaim barred by the statute of limitation"). The appellate court has distinguished affirmative defenses from counterclaims by saying that an affirmative defense merely seeks to defeat the plaintiff's claim, whereas a counterclaim seeks affirmative relief over and beyond defeating the plaintiff's claim. *Norman A. Koglin Associates v. Valenz Oro, Inc.*, 277 Ill. App. 3d 142, 150 (1995), *aff'd*, 176 Ill. 2d 385 (1997); *Dudek, Inc. v. Shred Pax Corp.*, 254 Ill. App. 3d 862, 871 (1993). Granted, the first and second affirmative defenses seek relief in the form of a judicial holding that the failure to follow statutory procedures renders the annexations ineffective, but every affirmative defense seeks that kind of relief; every affirmative defense seeks a holding that the affirmative matter defeats the plaintiff's claim. See 735 ILCS 5/2-619(a)(9) (West 2012); *Vroegh*, 165 Ill. 2d at 530. The first and second affirmative defenses do not seek relief over and beyond defeating the plaintiff's claim. See *Norman A. Koglin Associates*, 277 Ill. App. 3d at 150. Therefore, assuming, *arguendo*, that section 7-1-46 applies to counterclaims in spite of the plain and unequivocal language of section 13-207, the first and second affirmative defenses are *bona fide* affirmative defenses, not counterclaims; and they present material facts as to which there is no genuine issue.

¶ 36     It is well established that statutes of limitations apply only to claims, not to defenses. *United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 72 (1956); *People ex rel. City of Des Plaines v. Village of Mount Prospect*, 29 Ill. App. 3d 807, 811 (1975); 25 Ill. L. and Prac. *Limitations of Actions* § 1 (2001); 51 Am. Jur. 2d *Limitation of Actions* § 98 (1970); J.T.W., Annotation, *Applicability of Statutes of Limitation to Defenses*, 78 A.L.R. 1074 (1932). This is because "[s]tatutes of limitation relate to the remedy and not the right." *Diamond T Motor Car Co. v. Industrial Comm'n*, 378 Ill. 203, 208 (1941); see also *Hapeniewski v. City of Chicago Heights*, 147 Ill. App. 3d 528, 531 (1985) ("Statutes of limitations are generally considered to affect the remedy only and not a substantive right.").

¶ 37     We understand the argument in *Glendale Heights* that even though the affirmative defense in that case did not directly seek a remedy, it indirectly did so by asserting, as a defense, the invalidity of the annexation. See *Glendale Heights*, 404 Ill. App. 3d at 209-10. We understand the argument that there is merely a formalistic distinction between, on the one hand, a complaint seeking a declaratory judgment that an annexation is invalid and, on the other hand, an affirmative defense seeking a legal finding that an annexation is invalid. We understand the argument that if indeed, in section 7-1-46, the legislature intended to make an annexation incontestable over a year after the annexation ordinance was passed, it would make little sense to allow the annexation to be contested in an affirmative defense. But, again, our only clue to the legislative intent is the language of section 7-1-46, which, in plain terms, bars the "commence[ment]" of a stale "action," not the filing of an affirmative defense to a timely action. 65 ILCS 5/7-1-46 (West 2002). And besides, "[i]t is a well established doctrine in construing statutes of limitations that cases within the reason but not within the words of a statute are not barred." *Helbig v. Citizens' Insurance Co.*, 234 Ill. 251, 254 (1908); see also *Hamil v. Vidal*, 140 Ill. App. 3d 201, 204 (1985) ("[A] statute of limitations is, by its very

nature, an arbitrary provision which often issues diverse and seemingly capricious results. Nevertheless, it must not be enlarged by judicial action beyond its legislatively intended scope \*\*\*."); *Fess v. Parke, Davis & Co.*, 113 Ill. App. 3d 133, 135 (1983) ("[T]he court may construe only the clear words of the statute, and if its scope is to be enlarged, the remedy should be legislative rather than judicial." (Internal quotation marks omitted.)); *Fisher v. Rhodes*, 22 Ill. App. 3d 978, 982 (1974) ("It is not for judicial tribunals to extend the [statute of limitations] to all cases coming within the reason of it, so long as they are not within the letter."); 25 Ill. L. and Prac. *Limitations of Actions* § 6 (2001) ("The operation of statutes of limitations will \*\*\* not be extended to cases not expressly provided for by the statutes."); 54 C.J.S. *Limitations of Actions* § 11 (2010) ("A statute of limitations should not be applied to cases not clearly within its provisions, and it should not be extended by construction.").

¶ 38    Even though *Glendale Heights* admits it would be "very reasonable" to interpret section 7-1-46 as applying only to actions, not defenses (*Glendale Heights*, 404 Ill. App. 3d at 208), since the language of the statute bars only "actions" (65 ILCS 5/7-1-46 (West 2002)) and section 2-201 of the Code of Civil Procedure (735 ILCS 5/2-201 (West 2002)) says that "[e]very action \*\*\* shall be commenced by the filing of a complaint," the dissent argues we nevertheless should accept the interpretation of section 7-1-46 in *Glendale Heights* because in the three years since the Second District issued that decision, the legislature has not amended section 7-1-46 in response to that decision. The dissent quotes the supreme court: " '[W]here the legislature chooses not to amend terms of a statute after judicial construction, it will be presumed that it has acquiesced in the court's statement of legislative intent.' " *Infra* ¶ 45 (quoting *R.D. Masonry, Inc. v. Industrial Comm'n*, 215 Ill. 2d 397, 404 (2005)). But the supreme court also has said:

> " 'This presumption, however, is merely a jurisprudential principle; it is not a rule of law.' *People v. Perry*, 224 Ill. 2d 312, 331 (2007). Thus, although the legislature's failure to amend a statute after a judicial interpretation is suggestive of legislative agreement, it is not conclusive. *People v. Foster*, 99 Ill. 2d 48, 55 (1983). Further, where the meaning of the statute is unambiguous, we will give little weight to the fact that the legislature did not amend the statute after appellate opinions interpreting the same. *Perry*, 224 Ill. 2d at 331-32; see also 2B N. Singer, Sutherland on Statutory Construction § 49.04 (6th rev. ed. 2000) ('contemporaneous or practical interpretation will not be permitted to control the meaning of the plain and unambiguous terms of a statute')." *Blount v. Stroud*, 232 Ill. 2d 302, 324-25 (2009).

In other words, the lack of a superseding legislative amendment is merely an aid to construction, and we do not use aids to construction if the language of the statute is clear (*In re Marriage of Diaz*, 363 Ill. App. 3d 1091, 1096 (2006)). Section 7-1-46 contains no ambiguity. Grammatically, it makes perfect sense. It is readily comprehensible. It does not use words of uncertain meaning. Therefore, we should give little weight to the fact that the legislature has not amended section 7-1-46 in response to *Glendale Heights*. See *Blount*, 232 Ill. 2d at 325.

¶ 39    In sum, we conclude, in our *de novo* review (*Farmers*, 309 Ill. App. 3d at 698), that defendants have "present[ed] a factual basis which would arguably entitle [them] to a judgment" (*Gauthier v. Westfall*, 266 Ill. App. 3d 213, 219 (1994)), namely, the failure to

record affidavits regarding ordinance Nos. 403, 406, 411, 517, 541, and 606 (see 65 ILCS 5/7-1-1 (West 2002)) and the failure to provide meaningful notices regarding ordinance Nos. 393, 394, 423, and 424 (see *City of Belleville*, 84 Ill. 2d at 9 (interpreting section 7-1-1)). Arguably, since "[n]o annexation of th[e] land is effective unless service is had and the affidavit filed as provided in [section 7-1-1]" (65 ILCS 5/7-1-1 (West 2002)), the annexations of the 10 parcels were ineffective, and the parcels were not disconnected from the district pursuant to section 15-85(a) of the Public Library District Act of 1991 (75 ILCS 16/15-85(a) (West 2002)). The dissent asserts that under section 15-85(a) of the Public Library District Act of 1991 (75 ILCS 16/15-85(a) (West 2002)), "Bean *must* disconnect the 10 parcels from the public library district due to the annexation of the 10 parcels." (Emphasis in original.) *Infra* ¶ 46. The problematic phrase here is "the annexation of the 10 parcels," considering that defendants have raised a genuine issue as to whether the notice and affidavit requirements of section 7-1-1 were fulfilled. Because of the apparent noncompliance with section 7-1-1 and because plaintiffs have the burden of establishing a *clear* duty on Bean's part to disconnect the 10 parcels (see *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999)), we do not find plaintiffs' right to judgment to be "clear and free from doubt" (*Gauthier*, 266 Ill. App. 3d at 219).

¶ 40                                    III. CONCLUSION

¶ 41        For the foregoing reasons, we reverse the trial court's judgment and remand this case for further proceedings.

¶ 42        Reversed and remanded.

¶ 43        JUSTICE TURNER, dissenting.

¶ 44        I respectfully dissent and would affirm the trial court's grant of summary judgment in favor of plaintiffs for several reasons.

¶ 45        First, I note my agreement with the holdings reached by the Second District in *Glendale Heights*. Second, that decision was filed in August 2010, more than three years ago. Since then, the General Assembly has not amended section 7-1-46 of the Illinois Municipal Code (65 ILCS 5/7-1-46 (West 2002)). Our supreme court has noted that, "where the legislature chooses not to amend terms of a statute after judicial construction, it will be presumed that it has acquiesced in the court's statement of legislative intent." *R.D. Masonry, Inc. v. Industrial Comm'n*, 215 Ill. 2d 397, 404, 830 N.E.2d 584, 589 (2005); see also *People v. Coleman*, 227 Ill. 2d 426, 438, 882 N.E.2d 1025, 1031 (2008) ("when a court interprets a statute and the legislature does not amend it to supersede that judicial gloss, we presume that the legislature has acquiesced in the court's understanding of legislative intent"). Thus, I find the majority's critique of the analysis in *Glendale Heights* and its decision to again interpret the same language of section 7-1-46 addressed in *Glendale Heights* is misguided and contrary to well-established case law.

¶ 46        Last, as to the majority's finding on the facts of this case, one must look beyond titles and labels and closely examine what defendants are seeking to do in this case. Under section

- 11 -

15-85(a) of the Public Library District Act of 1991 (75 ILCS 16/15-85(a) (West 2002)), Bean *must* disconnect the 10 parcels from the public library district due to the annexation of the 10 parcels. The only way he does not have to disconnect the 10 parcels is if a court had granted a petition brought under section 15-85(b) of the Public Library District Act of 1991 (75 ILCS 16/15-85(b) (West 2002)), which is not the case here. In this case, the annexation and a lack of disconnect from a public library district are mutually exclusive. Thus, defendants' "affirmative defenses" attacking notice of the annexation proceedings are clearly seeking to invalidate the annexation, which goes beyond simply defeating plaintiffs' *mandamus* action. Here, defendants have raised counterclaims, not affirmative defenses. Accordingly, defendants' "affirmative defenses" did commence an action indirectly contesting the annexation, and thus they are barred by section 7-1-46 of the Illinois Municipal Code (65 ILCS 5/7-1-46 (West 2002)).